525 S.E.2d 677

**Donna L. CRISPEN, E. Michael Crispen, Natural Guardians and Next Friends of Joseph Scott Crispen, Plaintiffs Below, Appellants,**

v.

**WEST VIRGINIA SECONDARY SCHOOLS ACTIVITIES COMMISSION (WVSSAC) and Warren Carter, Executive Secretary (WVSSAC); Fred Aldridge, Former Ravenswood High School Principal/Board of Appeals (WVSSAC); and All Other Members of the West Virginia Secondary Schools Activities Commission; Stephen Ashworth, Coach, Ravenswood High, Defendants Below, Appellees.**

No. 25958.

Supreme Court of Appeals of
West Virginia.

Submitted Oct. 6, 1999.

Decided Dec. 9, 1999.

Donna L. Crispen, E. Michael Crispen, Pro Se.

William R. Wooton, Esquire, The Wooton Law Firm, Beckley, West Virginia, Attorney for Appellees WVSSAC and Warren Carter.

Roberta F. Green, Esquire, Shuman, Annand, Bailey, Wyant & Earles, Charleston, West Virginia, and Molly K. Underwood, Esquire, Pullin, Knopf, Fowler & Flannigan, Charleston, West Virginia, Attorney for Appellees Aldridge and Ashworth.

PER CURIAM:

This is a pro se appeal by Donna L. Crispen and E. Michael Crispen, as the natural guardians and next friends of Joseph Scott Crispen, from an order of the Circuit Court of Mason County dismissing a civil action which they had instituted in Mason County. The court dismissed the action on the ground that venue for the case did not lie in Mason County. In the present appeal, the appellants claim that the circuit court erred in concluding that venue for their case does not lie in Mason County.

I.

FACTS

In 1994, the appellants, who were then residents of Jackson County, and who were home schooling their 14–year–old son Joseph, approached the Jackson County Board of Education and requested that Joseph be allowed to play soccer on the Ravenswood High School varsity soccer team during the 1994–95 school year. The Jackson County Board of Education granted the request contingent upon an opening being available on the soccer team and contingent upon all documents for participation being signed by appropriate school officials and being approved by the West Virginia Secondary Schools Activities Commission.

Joseph played soccer during the 1994 school season and was honored at an end of season banquet conducted at Ravenswood High School in December 1994. Subsequently, the West Virginia Secondary Schools Activities Commission ruled that Joseph was ineligible to play soccer, and Joseph was also declared ineligible to participate in athletics in Jackson County during the 1995–96 school year. As a consequence, Ravenswood High School refused to allow Joseph to play during that school year. The appellants appealed the ruling of the West Virginia Secondary Schools Activities Commission through administrative channels, but ultimately that ruling was upheld.

The appellants moved to Mason County in October 1995 and contacted the Mason County Board of Education about the possibility of Joseph participating in athletics in that county. The Mason County authorities, who were apparently aware of the prior ruling relating to Joseph's ineligibility, concluded that under the rules of the West Virginia Secondary Schools Activities Commission, Joseph could not participate in athletics in Mason County for the 1995–96 school year.

After making additional attempts to enroll Joseph in athletics in Mason County, the appellants, in September 1997, instituted the present civil action in the Circuit Court of Mason County. The action was brought against the West Virginia Secondary Schools Activities Commission; Warren Carter, Executive Secretary of the West Virginia Secondary Schools Activities Commission; Fred Aldridge, former principal of Ravenswood High School; Stephen Ashworth, the coach at Ravenswood High School, and the members of the West Virginia Secondary Schools Activities Commission. The appellant did not name the Board of Education of Mason County or any individual resident in Mason County as a party defendant.

In their complaint in the Circuit Court of Mason County, the appellants alleged that the defendants had unconstitutionally discriminated against Joseph, had defamed him, and had violated various of his constitutional rights. Prior to undertaking an actual defense of the action, the defendants moved to dismiss on the ground that the circuit court of Mason County lacked venue to try the action.

A hearing was conducted in the matter on August 26, 1998. At that hearing, Joseph, as well as his father E. Michael Crispen, both affirmatively stated to the court that they wished to have the matter dismissed and that they understood that if the case was dismissed, their claims were "gone." After engaging in a colloquy with the individuals, the court granted the motion and, in a dismissal order, stated that since they wanted their case dismissed, E. Michael Crispen and Joseph Scott Crispen were dismissed in accordance with their request. Additionally, the court dismissed the action as to Donna L. Crispen on the ground that the court lacked venue to entertain the case.

## II.

## DISCUSSION

■ In the present proceeding, the appellants claim that the trial court erred in dismissing the action for lack of venue. In addressing this claim, the Court is not addressing the question of whether the appellees properly denied Joseph Crispin the opportunity to participate in secondary school athletics or discriminated against him or violated his constitutional rights. The only question presented is whether venue for the appellants' action lies in Mason County and whether the trial court properly dismissed the action for lack of venue.

West Virginia Code 56-1-1 [1986] establishes venue for civil actions brought in the State of West Virginia. That statute provides in relevant part:

(a) Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county:

(1) Wherein any of the defendants may reside or the cause of action arose, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered or some part thereof, is; or

(2) If a corporation be a defendant, wherein its principal office is, or wherein its mayor, president or other chief officer resides; or if its principal office be not in this state, and its mayor, president or other chief officer do not reside therein, wherein it does business; or if it be a corporation organized under the laws of this state, which has its principal office located outside of this state, and which has no office or place of business within the state, the circuit court of the county in which the plaintiff resides or the circuit court of the county in which the seat of state government is located shall have jurisdiction of all actions at law or suits in equity against such corporation, where the cause of action arose in this state or grew out of the rights of stockholders with respect to corporate management; ...

■ In *Crawford v. Carson,* 138 W.Va. 852, 78 S.E.2d 268 (1953), the Court examined the requirements of our venue statute and concluded in Syllabus Point 2 that:

Venue of an action exists by virtue of law. The residence of a plaintiff, without more, is not a valid ground of venue in the absence of a statute or other principle of law authorizing it, as provided in Code, 56-1-1, subparagraph (b).

The evidence developed in the present case shows that none of the individual defendants named by the appellants in the complaint instituting the present action in the Circuit Court of Mason County resided in Mason County. Specifically, the evidence shows that the defendants Fred Aldridge and Stephen Ashworth were residents of Jackson County at all times during and since the time Joseph Crispen played soccer at Ravenswood High School located in Jackson County. Defendant Warren Carter was, and has at all times during and since Joseph Crispen played soccer at Ravenswood High School been, a resident of Wood County. Finally, the West Virginia Secondary Schools Activities Commission's home office was located in Wood County, and has been located in Wood County at all times during and since Joseph Crispen played soccer at Ravenswood High School.

Further, the evidence shows that the Crispens resided in Jackson County during the 1994–95 school year when Joseph was declared ineligible to participate in secondary school athletics. They continued to reside in Jackson County when they pursued their administrative appeal from the ruling of the West Virginia Secondary Schools Activities Commission. Lastly, the West Virginia Secondary Schools Activities Commission did not, and does not, have a principal office in Mason County.

The record suggests that the only nexus between the appellants and Mason County is the fact that, at the time of instituting the proceeding as plaintiffs, the appellants were residents of Mason County, and, as stated in Syllabus Point 2 of *Crawford v. Carson, id.,* the residence of a plaintiff, without more, is not a valid ground of venue.

Given the fact that W. Va.Code 56–1–1 prescribes that a civil action shall be brought where the individual defendants reside, where the cause of action arose, or where a corporate defendant has a principal place of business, and given the facts of the present case, this Court cannot conclude that the trial court erred in concluding that venue for this action did not lie in Mason County and in dismissing the action for that reason. If the action had actually arisen in Mason County, or if one of the defendants had been a resident of Mason County, our decision on this point would have been different.

For the reasons stated, the judgment of the Circuit Court of Mason County is affirmed.

Affirmed.

Justice SCOTT did not participate in the decision in this case.

Judge ROBERT B. STONE, sitting by temporary assignment.