711 S.E.2d 257

**STATE of West Virginia ex rel. The GALLOWAY GROUP, a West Virginia Partnership, Petitioner**

v.

**Honorable Warren R. McGRAW, Judge of the Circuit Court of Wyoming County; Fredeking & Fredeking Law Offices, LC; and R.R. Fredeking, II, Individually, Respondents.**

No. 11–0187.

Supreme Court of Appeals of West Virginia.

Submitted April 26, 2011.

Decided May 16, 2011.

Jeffrey M. Wakefield, Esq., Katie MacCallum Nichols, Esq., Flaherty Sensabaugh Bonasso, Charleston, WV, for The Galloway Group.

John D. Wooton, Esq., The Wooton Law Firm, Beckley, WV, for Fredeking & Fredeking Law Offices, LC and R.R. Fredeking, II, Individually.

PER CURIAM:

Petitioner The Galloway Group seeks a writ of prohibition to prevent Respondent Circuit Court of Wyoming County from enforcing its order denying Petitioner's motion to dismiss due to improper venue and Petitioner's motion to compel arbitration in a dispute involving the sharing of legal fees. Because this Court finds that venue does not lie in the Circuit Court of Wyoming County, we grant Petitioner the requested writ as moulded.[1]

## I.

### FACTS

Petitioner The Galloway Group (hereinafter "Galloway") is a partnership of lawyers with a listed address in Kanawha County, West Virginia. Galloway entered into agreements with Respondents Fredeking & Fredeking Law Offices, LC and R.R. Fredeking, II, individually (hereinafter collectively referred to as "Fredeking") wherein the parties agreed to share attorney fees generated in certain litigation.

Fredeking filed a complaint against Galloway in the Circuit Court of Wyoming County alleging failure to pay monies owed to Fredeking under the parties' fee-sharing agreements.[2] Galloway subsequently filed several motions in the Circuit Court of Wyoming County including a motion to compel arbitration and a motion to dismiss due to improper venue. After a hearing, the circuit court denied Galloway's motions. With regard to the denial of the motion to dismiss for improper venue, the circuit court reasoned:

Here, it is undisputed that at least some of the agreements underlying this action regarded legal representation of certain persons who were residents of Wyoming County, West Virginia. This court takes judicial notice that the undertaking led to relief for those persons and a concomitant debt for legal services owed unto the parties now before this court. Moreover, such relief and fees gave rise to a debt owed from these defendants to these plaintiffs and was [sic] related to and based, at least in part, on conduct occurring in Wyoming County. Accordingly, this court finds that venue is proper under W. Va.Code § 56–1–1.

The circuit court also found venue arising from the long-arm statute and concluded that it could properly exercise *in personam* jurisdiction over a nonresident defendant, L. Thomas Galloway, a lawyer from Colorado involved in the fee-sharing agreements. Galloway now challenges this ruling by the circuit court by means of its petition for a writ of prohibition.

## II.

### STANDARD OF REVIEW

■ This Court is asked to review a finding of venue in the action below. In *State ex rel. Riffle v. Ranson*, 195 W.Va. 121, 464 S.E.2d 763 (1995), we recognized that prohibition is appropriate to resolve the issue of whether venue lies in a circuit court. We explained in *Riffle* that,

[c]onsidering the inadequacy of the relief permitted by appeal, we believe this issue should be settled in this original action if it is to be settled at all. In recent times in every case that has had a substantial legal issue regarding venue, we have recognized the importance of resolving the issue in an original action.

*Riffle*, 195 W.Va. at 124, 464 S.E.2d at 766. In addition, this Court held in Syllabus Point

---

1. The petitioner requested relief on two grounds, i.e., improper venue and enforcement of the parties' arbitration agreement. This Court grants relief to the petitioner only as to the improper venue issue.

2. Fredeking's complaint also included claims against other parties who are not involved in the instant case before this Court.

4 of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996):

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

This standard is our guide in considering the issue before us.

## III.

### DISCUSSION

■ The primary issue is whether venue in this case properly lies in the Circuit Court of Wyoming County.[3] This issue is governed by our venue statute, W. Va.Code § 56–1–1(a)(1) (2007), which provides in pertinent part: "Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county ... [w]herein any of the defendants may reside or the cause of action arose[.]" As noted above, the claims below are based upon agreements between the parties. This Court has indicated,

The venue of a cause of action in a case involving breach of contract in West Virginia arises within the county: (1) in which the contract was made, that is, where the duty came into existence; or (2) in which the breach or violation of the duty occurs; or (3) in which the manifestation of the breach-substantial damage occurs.

Syllabus Point 3, *Wetzel Co. Sav. & L. Co. v. Stern Bros.*, 156 W.Va. 693, 195 S.E.2d 732 (1973). With regard to which party has the burden of proof on the issue of venue, this Court has held that "[w]here properly questioned by motion to dismiss under Rule 12(b)(3), W. Va. R.C.P., venue must be legally demonstrated independent of *in personam* jurisdiction of the defendant." Syllabus Point 1, *Wetzel, supra.*

■ Our venue statute first provides that venue lies in the circuit court of any county wherein any of the defendants may reside. The circuit court below found that "it is undisputed that no defendant resides in Wyoming County." Because venue cannot be established based on the defendant's residence in Wyoming County, Fredeking had to demonstrate that its cause of action arose in Wyoming County. The action below is based on breach of contract. As a result, in order to demonstrate venue, Fredeking had to show specifically that the contract between the parties was made in Wyoming County; breach of the contract occurred in Wyoming County; or that the manifestation of the breach occurred in Wyoming County. Fredeking has failed to do this. Therefore, Fredeking failed to legally demonstrate that venue lies in the Circuit Court of Wyoming County.

■ In its ruling below, the circuit court reasoned that venue properly exists in Wyoming County by virtue of the fact that the parties generated fees in litigation involving the UMWA Health & Retirement plan, and that many UMWA members reside in Wyoming County. This reasoning is invalid. First, the provision regarding UMWA litigation appears in an agreement to which Petitioner Galloway is not a party.[4] Second,

---

3. In light of this Court's disposition of the issue of venue, we decline to address the issue of the enforcement of the parties' arbitration agreement.

4. The circuit court acknowledged in its order that the record is less than clear on whether

even if Galloway had participated in litigation involving the UMWA, our law does not support the conclusion that this fact would establish venue in Wyoming County for purposes of the legal action below. The circuit court also found that venue exists in Wyoming County under the long-arm jurisdiction statute, W. Va.Code § 56–3–33 (2008). This is incorrect. First, the only defendant in the instant case is Petitioner Galloway, a resident of this State. Counsel for Fredeking indicated in the hearing below that "we are only proceeding in this Court against the Partnership Group, the Galloway Group, a West Virginia Partnership." Therefore, the long-arm statute is not applicable. Second, as set forth above, venue must be demonstrated independent of *in personam* jurisdiction. Therefore, the circuit court erred in finding venue under the long-arm statute.

Accordingly, having determined that Galloway does not reside in Wyoming County and that the cause of action below did not arise in Wyoming County, this Court concludes that the Circuit Court of Wyoming County clearly erred as a matter of law in denying Galloway's motion to dismiss for lack of venue.

Because this Court finds that venue does not exist in the Circuit Court of Wyoming County with regard to the action filed in that court by Respondents Fredeking & Fredeking Law Offices, LC and R.R. Fredeking, II, individually, against Petitioner The Galloway Group, we grant as moulded the writ prayed for by Galloway. Consequently, Fredeking's action against Galloway in the Circuit Court of Wyoming County is dismissed without further action or consideration.[5]

## IV.

### CONCLUSION

Based on our discussion above, the writ of prohibition prayed for by Petitioner Galloway

is granted as moulded prohibiting the Circuit Court of Wyoming County from further proceedings in the action of Fredeking & Fredeking Law Offices, LC and R.R. Fredeking, II, individually, against The Galloway Group.

Writ granted as moulded.

---

UMWA litigation had been completed when The Galloway Group was formed pursuant to one of the underlying agreements.

**5.** After carefully considering Fredeking's arguments set forth in their briefs and in oral argument, this Court rejects Fredeking's contention that Galloway waived the issue of venue. To the contrary, Galloway challenged venue in its Rule 12(b)(6) motion to dismiss and in the hearing before the circuit court. We further reject Fredeking's position that this Court should dismiss the petition for a writ of prohibition as defective. Fredeking cites no law to support their position. Furthermore, this Court finds such a position to be meritless.