# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Linda Garner,**
**Defendant Below, Petitioner**

**vs.)  No. 19-0296** (Kanawha County 17-C-772)

**Belfor USA Group, Inc., dba**
**Belfor Property Restoration, a Colorado**
**Corporation,**
**Plaintiff Below, Respondent**

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Linda Garner, self-represented litigant, appeals the February 1, 2019, order of the Circuit Court of Kanawha County awarding summary judgment to Respondent Belfor USA Group, Inc., dba Belfor Property Restoration, a Colorado Corporation, and directing petitioner to pay respondent the balance owed under a construction agreement in the amount of $13,517.10.[1] Respondent, by counsel Gene W. Bailey, II, and Ashley N. Lynch, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a homeowner, owning a residence on Mayflower Drive in Charleston, West Virginia. On January 9, 2014, frozen pipes caused damaged to petitioner's bathroom. Petitioner's homeowner's insurer, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), provided coverage for the damage. On August 24, 2014, petitioner entered into an agreement with respondent, a restoration company, to make the necessary repairs. On January 7, 2015, petitioner

---

[1]The final order was not entered until February 27, 2019, when the circuit court denied respondent's petition for its attorney's fees. Respondent does not raise a cross-assignment of error as to the denial of its petition.

1

signed a certificate of completion certifying that respondent had completed the repairs to the residence.[2]

On June 2, 2017, respondent filed a complaint in the Circuit Court of Kanawha County alleging that petitioner failed to pay the balance of the amount she owed respondent for the repairs in the amount of $13,517.10.[3] Petitioner filed an answer on July 10, 2017, disputing that she owed respondent this amount. On September 26, 2018, respondent took petitioner's deposition. On November 13, 2018, respondent filed a motion for summary judgment and attached excerpts from petitioner's deposition and other documents as evidence. On December 20, 2018, petitioner filed a response to the motion for summary judgment and also attached various documents as evidence. Respondent filed a reply to petitioner's response on January 16, 2019, in which it sought to rebut the evidentiary value of petitioner's exhibits.

At a January 17, 2019, hearing, the circuit court heard argument on respondent's motion for summary judgment. By order entered on February 1, 2019, the circuit court noted that it considered the parties' pleadings "in support and opposition" to respondent's motion. The circuit court awarded summary judgment to respondent and directed petitioner to pay respondent the balance owed under the agreement in the amount of $13,517.10.

Petitioner now appeals the circuit court's February 1, 2019, order awarding respondent summary judgment. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In syllabus point 4 of *Painter*, we held, in pertinent part, that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" 192 W. Va. at 190, 451 S.E.2d at 756.

On appeal, petitioner raises two interrelated assignments of error: (1) that whether the parties' contractual relationship was facilitated by Liberty Mutual constitutes a genuine issue of material fact; and (2) that petitioner did not have the opportunity to present her evidence that the parties' contractual relationship was facilitated by Liberty Mutual.[4] Respondent counters that the

---

[2]On January 9, 2015, petitioner had an unrelated water line problem in her home, where the line separated at two joints. Petitioner also contracted respondent to repair this unrelated problem. On January 17, 2015, petitioner signed a certificate of completion certifying that respondent had fixed the unrelated problem, for which Liberty Mutual also provided coverage.

[3]It is undisputed that Liberty Mutual paid petitioner $13,885.71 by check on March 31, 2014. Petitioner negotiated this check on August 29, 2014.

[4]To the extent that petitioner raises additional issues in her brief, we address only petitioner's assignments of error and disregard the other issues as insufficiently raised. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those

circuit court properly awarded it summary judgment. We agree with respondent.

Given that they are interrelated, we address petitioner's assignments of error together. We have reiterated the following:

> Roughly stated, a "genuine issue" for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trialworthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

*Sugar Rock, Inc. v. Washburn*, 237 W. Va. 347, 354, 787 S.E.2d 618, 625 (2016) (quoting Syl. Pt. 5, *Jividen v. Law*, 194 W.Va. 705, 461 S.E.2d 451 (1995)).

Here, petitioner argues that she is not obligated to pay respondent the balance of the amount owed for the repairs based on her contention that the repairs were not done in a workmanlike manner and/or were never completed. This is contrary to the January 7, 2015, certificate of completion, signed by petitioner, certifying that respondent had completed the repairs to the residence. Whether the parties' contractual relationship was facilitated by Liberty Mutual has nothing to do with the dispute over the adequacy of the repairs and is, therefore, not material.

We further find that the circuit court did not consider petitioner's exhibits as to whether the parties' contractual relationship was facilitated by Liberty Mutual because petitioner did not submit those exhibits until February 14, 2019, two weeks after the entry of the February 1, 2019, order awarding respondent summary judgment. Even if petitioner attached those exhibits to her response to the summary judgment motion, they would not have been relevant to the circuit court's decision as that issue did not have the capacity to sway the outcome of the litigation under the applicable law.

"A claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015) (citing Syl. Pt. 1, *State ex rel. Thornhill Group, Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014)). Neither party disputes that they entered into an agreement for respondent to make the repairs to petitioner's residence. Respondent argues that petitioner breached their agreement by failing to pay respondent the balance of the amount owed for the repairs. Petitioner counters that respondent breached the agreement by not satisfactorily completing the repairs. Based on our review of the record, including the January 7, 2015, certificate of completion, we find that petitioner is the party in breach of the agreement.

We further find that petitioner had the opportunity to—and did—attach exhibits to her

---

mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal"); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

response to the motion for summary judgment. Respondent sought to rebut the evidentiary value of those exhibits. The circuit court considered the parties' pleadings "in support and opposition" to respondent's summary judgment motion. Therefore, we conclude that the circuit court did not err in awarding summary judgment to respondent and directing petitioner to pay respondent the balance owed under the agreement in the amount of $13,517.10.

For the foregoing reasons, we affirm the circuit court's February 1, 2019, order awarding respondent summary judgment.

Affirmed.

**ISSUED:** March 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4