**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Mark Gomez, a Registered West Virginia
Lobbyist,
**Plaintiff Below, Petitioner**

**vs.)   No. 21-0807** (Kanawha County 17-C-858)

A.C.R. Promotions, Inc., a West Virginia
Corporation,
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Mark Gomez appeals the October 12, 2021, order of the Circuit Court of Kanawha County granting Respondent A.C.R. Promotions, Inc.'s renewed motion for summary judgment.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

Petitioner is a former attorney, having voluntarily surrendered his license to practice law in Georgia following a felony conviction for theft by conversion. *In re Gomez*, 546 S.E.2d 487 (Ga. 2001). Respondent's corporate officers are petitioner's sister and brother-in-law.

In *Gomez v. A.C.R. Promotions, Inc.*, No. 17-1048, 2019 WL 2499617 (W. Va. June 17, 2019) (memorandum decision), this Court found that,

> [o]n June 21, 2017, petitioner initiated a civil action against respondent in the Circuit Court of Kanawha County. In petitioner's complaint, he alleged that he performed work for respondent as a registered lobbyist in 2015 and that respondent desired his lobbying services as a result of "forced overpayment of statutory fees by. . . the [West Virginia] Athletic Commission [('WVAC')] and [a] newly passed

---

[1]Petitioner is self-represented. Respondent A.C.R. Promotions, Inc. appears by counsel Joshua R. Martin.

1

Senate Bill . . . ." *Petitioner further alleged that respondent failed to compensate him for his services pursuant to an oral agreement that provided that petitioner would receive one-third of the net proceeds from the award in an action against WVAC that respondent would file in the federal district court.*

*Id.* at *1 (emphasis added). In *Gomez*, we found that, when evaluating respondent's motion for judgment on the pleadings, the circuit court utilized the federal "plausibility" standard rather than the standard that governs such motions in West Virginia courts. *Id.* at *2. Accordingly, we reversed the decision of the circuit court and remanded the case for evaluation under the proper standard. *Id.* at *3.

Thereafter, the circuit court denied the motion for judgment on the pleadings and later denied respondent's motion for summary judgment. However, on April 22, 2021, respondent filed a renewed summary judgment motion. During an August 24, 2021, hearing on the renewed motion, petitioner confirmed that his claim was that respondent orally agreed that petitioner would receive one-third of the net proceeds from the award in respondent's action against WVAC in exchange for lobbying services. Petitioner denied attempting to collect a legal fee in connection with the WVAC action[2] and argued that West Virginia Code § 6B-3-2(a)(4) did not require him to list his contingency agreement with respondent on his lobbyist registration statement.[3] The circuit court determined that respondent was entitled to summary judgment because petitioner's self-serving assertion—that respondent agreed that petitioner would receive a contingency fee from a court action in exchange for lobbying services—did not create a genuine issue of material

---

[2]In an affidavit petitioner filed with the circuit court on July 1, 2019, he affirmed that he drafted a forty-two page complaint against WVAC based upon the Racketeering Influenced and Corrupt Organizations Act ("RICO"), Title 18, sections 1961 to 1968 of the United States Code, "so that a solicited attorney could easily understand the serious nature, the actual claims, and culpable parties for this racketeering activity." Petitioner further affirmed that respondent's retained counsel "filed my RICO complaint draft, with very few changes," in the federal court action against WVAC.

[3]West Virginia Code § 6B-3-2(a)(4) provides that a lobbyist's registration statement with the West Virginia Ethics Commission shall include "[a] statement as to whether the registrant is employed or retained by his or her employer under any agreement, arrangement or understanding according to which the registrant's compensation, or any portion of the registrant's compensation, is or will be contingent upon the success of his or her lobbying activity." Accordingly, in its renewed motion for summary judgment, respondent argued that, even if it had agreed that petitioner would receive a contingency fee in exchange for lobbying services, petitioner's failure to include the contingency fee agreement on his registration statement would render such agreement void for illegality. While the circuit court relied upon respondent's argument regarding West Virginia Code § 6B-3-2(a)(4) as an additional basis for awarding summary judgment, we need not address that issue because we concur with the circuit court's finding that petitioner could not show there was any such contingency fee agreement with regard to his lobbying services.

fact. Accordingly, the circuit court, by order entered on October 12, 2021, granted respondent's renewed motion for summary judgment.

Petitioner now appeals the circuit court's summary judgment order. Rule 56(c) of the Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In Syllabus Point 1 of *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994), we held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Pursuant to Syllabus Point 4 of *Painter*, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." *Id.* at 190, 451 S.E.2d at 756.

On appeal, petitioner argues that respondent admits that he provided lobbying services after respondent paid for him to become a West Virginia registered lobbyist.[4] Accordingly, petitioner contends that there is evidence sufficient to argue to a jury that respondent agreed that petitioner would receive a contingency fee in exchange for his lobbying services.

We have held that "[a] claim for breach of contract requires proof of the formation of a contract, *a breach of the terms of that contract*, and resulting damages." *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015) (citing Syl. Pt. 1, *State ex rel. Thornhill Grp., Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014)) (emphasis added). Respondent denies agreeing that petitioner would receive a contingency fee from a court action. Petitioner concedes that, as a former lawyer who is no longer licensed to practice law, it "would be improper" for him to "split . . . legal fees" in a case. With regard to any lobbying services petitioner provided, we concur with the circuit court's finding that, other than petitioner's self-serving assertion, nothing in the record supports petitioner's contention that he would receive a contingency fee from a court action in exchange for such services.

"[S]elf-serving assertions without factual support in the record will not defeat a motion for summary judgment." *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 61 n.14, 459 S.E.2d 329, 338 n.14 (1995). As the party opposing summary judgment, petitioner had the obligation to offer "more than a mere 'scintilla of evidence' and . . . produce evidence sufficient for a reasonable jury to find in [the] nonmoving party's favor." *Id.* at 60, 459 S.E.2d at 337 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Petitioner has failed to present more than a scintilla of evidence that there was an agreement that he would receive a contingency fee from a court action as payment for his lobbying services. Therefore, we conclude that the circuit court properly granted respondent's renewed motion for summary judgment, as no rational trier of fact could find in petitioner's favor on an essential element of the case that he had the burden to prove.

---

[4]With petitioner's July 1, 2019, affidavit, he submitted a copy of a $500 check he received from respondent. On the check's memo line, "lobbyist" is written.

3

For the foregoing reasons, we affirm the circuit court's October 12, 2021, order awarding respondent summary judgment.

Affirmed.

**ISSUED**: October 26, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn