# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TERRY FELTNER and AMY FELTNER,**
**Plaintiffs Below, Petitioners**

**v.) No. 24-ICA-336**    (Cir. Ct. of Hampshire Cnty. Case No. CC-14-2022-C-20)

**THE CROSSINGS AT THE GREAT CACAPON**
**PROPERTY OWNERS ASSOCIATION, INC.,**
**Defendant Below, Respondent**

**FILED**
**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Terry Feltner and Amy Feltner ("Feltners") appeal the Circuit Court of Hampshire County's July 24, 2024, order which granted summary judgment in favor of Respondent The Crossings at the Great Cacapon Property Owners Association, Inc. ("POA") resulting in dismissal of the Feltners' action, with prejudice. The POA filed a response.[1] The Feltners did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Crossings at the Great Cacapon is a residential community located along the Cacapon River in Hampshire County. The POA is the community's property owners' association. The properties in the neighborhood are all owned subject to reservations and restrictive covenants found in a declaration and a supplemental declaration (collectively "Declarations") recorded in Hampshire County.

In January 2021, Wade Lober and Elizabeth Lober ("Lobers") installed three LED lights on the rear of their garage, which directly faces the Feltners' property. The Feltners and another neighbor complained to the POA that the exterior lights run continuously and shine toward their properties. The POA contacted the parties and attempted to resolve the lighting dispute. Those resolution efforts were ultimately unsuccessful, and the POA informed the Feltners it decided not to proceed with further enforcement actions against the Lobers.

---

[1] The Feltners are represented by Grant M. Sherman, Esq. The POA is represented by Margaret E. Lewis, Esq., and Tracey A. Rohrbaugh, Esq.

1

In May 2022, the Feltners filed this lawsuit against the Lobers alleging private nuisance and other tort causes of action.[2] The Feltners asserted claims against the POA for various torts and for breach of contract. In the breach of contract claim, the Feltners contend that the POA violated a contractual duty set forth in the Declarations because it failed to enforce the nuisance restrictive covenant against the Lobers.[3]

On July 24, 2024, the circuit court entered an order granting summary judgment to the POA and dismissed the POA, with prejudice. The tort claims against the POA were dismissed pursuant to the "gist of the action" doctrine. The breach of contract claim was dismissed because:

> Plaintiffs have not met their burden to establish [the POA] violated any of its contractual duties by failing to enforce the covenants. The Restrictive Covenants do not contain any guidelines or restrictions on the use of exterior lighting on structures in the neighborhood. The Restrictive Covenants also do not contain any standard by which [the POA] is required to carry out enforcement of Article XI, and there is no requirement that it institute an enforcement or other legal proceeding. Because there is no specific enforcement provision for Article XI, [the POA] has discretion as to when and how to enforce the covenant.

---

[2] The July 24, 2024, order on appeal did not fully resolve the underlying case, as it did not resolve the Feltners' claims against the Lobers. Additionally, the order was not expressly certified as a final order pursuant to Rule 54(b) of the Rules of Appellate Procedure. The Supreme Court of Appeals of West Virginia has held that the absence of an express Rule 54(b) certification "will not render the order interlocutory and bar appeal provided that this Court can determine from the order that the trial court's ruling approximates a final order in its nature and effect." Syl. Pt. 2, in part, *Durm v. Heck's, Inc.*, 184 W. Va. 562, 401 S.E.2d 908 (1991). Because the circuit court's July 24, 2024, order resolved all of the Feltners' claims against the POA, it approximates a final order in nature and effect. Moreover, the Feltners and Lobers settled, and the Lobers were dismissed from the lawsuit in October 2024.

[3] The nuisance restrictive covenant in Article XI of the Declarations provides: "No noxious, noisy or offensive activity shall be carried on within The Properties, nor shall anything be done therein which may be or which may become an annoyance or nuisance to the neighborhood. No toxic or hazardous materials shall be produced or stored within The Properties at any time."

This appeal of the July 24, 2024, order followed.[4]

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply: "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2).

On appeal, the Feltners assert that the POA had a contractual duty enforce the nuisance restrictive covenant and violated that duty by not enforcing it against the Lobers. Conversely, the POA argues that the Declarations do not impose a duty on it to enforce the nuisance restrictive covenant. Therefore, the POA argues, it could not have breached a non-existent contractual duty.

Under West Virginia law, "[a] claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015) (citing Syl. Pt. 1, *State ex rel. Thornhill Group, Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014)). The Feltners' breach of contract claim fails here because they are unable to establish the second element; specifically, they cannot show that the terms of the Declarations impose a duty on POA to enforce the nuisance restrictive covenant.

Declining to read a duty to enforce into the Declarations, the circuit court concluded:

Plaintiffs have not met their burden to establish [the POA] violated any of its contractual duties by failing to enforce the covenants. . . .The Restrictive Covenants also do not contain any standard by which [the POA] is required to carry out enforcement of Article XI, and there is no requirement that it institute an enforcement or other legal proceeding. . . .

We agree with the circuit court's conclusion.

The Feltners cite only to the terms of the nuisance restrictive covenant to argue that a contractual duty to enforce exists. As the circuit court found, the nuisance restrictive covenant does not contain language about the standards for its enforcement and there are no other provisions in the Declarations that expressly or implicitly obligate the POA to

---

[4] The July 24, 2024, order dismissed the Feltners' tort claims and the breach of contract claim against the POA, but the Feltners assign error only to the circuit court's dismissal of the breach of contract claim.

enforce the nuisance restrictive covenant. Because the POA is not contractually obligated to enforce the nuisance restrictive covenant, we see no reason to disturb the circuit court's granting of summary judgment.

Accordingly, we affirm the Circuit Court of Hampshire County's July 24, 2024, order.

Affirmed.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4