No. 15-0098  –  *State of West Virginia ex rel. Airsquid Ventures, Inc. (d/b/a Amphibious Medics), and Travis Pittman v. Honorable David W. Hummel, Jr., Judge of the Circuit Court of Marshall County; Mita Sengupta, as Personal Representative of the Estate of Avishek Sengupta; Tough Mudder, LLC; Peacemaker National Training Center, LLC; General Mills, Inc.; and General Mills Sales, Inc.*

and

No. 15-0102  –  *State of West Virginia ex rel. Tough Mudder, LLC; Peacemaker National Training Center, LLC; General Mills, Inc.; and General Mills Sales, Inc. v. Honorable David W. Hummel, Jr., Judge of the Circuit Court of Marshall County, and Mita Sengupta, as Personal Representative of the Estate of Avishek Sengupta*

**FILED**

**September 24, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Davis, Justice, dissenting:

In deciding the case *sub judice*, the majority of the Court ostensibly applies this State's venue statute, W. Va. Code § 56-1-1 (2007) (Repl. Vol. 2012), to conclude that Ms. Sengupta's choice of venue in the corporate defendants' place of business is improper. To reach this decision, the majority myopically focuses upon the first subsection of the venue statute, *i.e.* W. Va. Code § 56-1-1(a)(1), which applies to *individuals* named as defendants. In doing so, the majority accords short shrift to the immediately succeeding subsection of the venue statute, *i.e.* W. Va. Code § 56-1-1(a)(2), which governs venue determinations for *corporations* named as defendants. Because W. Va. Code § 56-1-1(a)(2) expressly allows suit to be filed against a corporate defendant "wherein it does business" and because the corporate organizers and sponsors of the event at issue in this case unquestionably do

1

business in Marshall County, venue in Marshall County was proper. Accordingly, the writ of prohibition should have been denied, and I dissent from the majority's contrary ruling.

### A. *Contractual Interpretation*

At issue herein is the construction to be afforded to the forum selection clause contained in the waiver of liability contract drafted by Tough Mudder and signed by Ms. Sengupta's son. Ordinarily, this Court looks to a contract's plain language and applies it as it is written to effectuate the parties' intent. *See* Syl. pt. 2, *Bethlehem Mines Corp. v. Haden*, 153 W. Va. 721, 172 S.E.2d 126 (1969) ("Where the terms of a contract are clear and unambiguous, they must be applied and not construed."). However, when the meaning of contractual terms are not clearly delineated, "any term that has significance in a given contract . . . must be defined based on the subject matter of the contract and the intent of the document's drafters." *Benson v. AJR, Inc.*, 215 W. Va. 324, 327, 599 S.E.2d 747, 750 (2004) (per curiam). *Accord Oresta v. Romano Bros., Inc.*, 137 W. Va. 633, 644, 73 S.E.2d 622, 628 (1952) (recognizing "general rule" that "words in a contract will be given their usual and primary meaning at the time of the execution of the contract" (citation omitted)). And, "[i]n case of doubt, the construction of a written instrument is to be taken most strongly against the party preparing it." *Henson v. Lamb*, 120 W. Va. 552, 558, 199 S.E. 459, 461-62 (1938). *See also State ex rel. Richmond Am. Homes of West Virginia, Inc. v. Sanders*, 228 W. Va. 125, 140 n.61, 717 S.E.2d 909, 924 n.61 (2011) (commenting "that ambiguous contract

2

provisions, especially those having the qualities of a contract of adhesion, are to be construed against the drafter" (internal citations and quotation omitted)).

The contractual language at the center of the instant controversy provides, in relevant part:

> **Venue and Jurisdiction:** I understand that if legal action is brought, the appropriate state or federal court for the state in which the TM [Tough Mudder] Event is held has the sole and exclusive jurisdiction and that only the substantive laws of the State in which the TM Event is held shall apply.

This language very simply states that the parties have agreed, and thus are contractually bound, to bring any suit arising from their relationship under the waiver agreement in "the appropriate state . . . court for the state in which the TM [Tough Mudder] Event is held . . . ." Insofar as this contractual provision references, but does not define, "the appropriate state . . . court," it first is necessary to consider the commonly accepted meaning of the term "appropriate," which is defined as "suitable or proper." New Oxford American Dictionary 77 (3d ed. 2010). *Accord* Webster's Ninth New Collegiate Dictionary 98 (1983) (defining "appropriate" as "especially suitable or compatible: fitting"). Thus, it is clear from the parties' plain contractual language that "the [suitable or proper] state . . . court" governs where the parties' dispute must be brought. Therefore, a proper analysis of the issue presented herein next requires an examination of this State's venue statute to supply that which was left unsaid in the contract's forum selection clause: which of this State's courts

3

is "appropriate," or "proper," to entertain the parties' dispute.

### B. Statutory Application

The statute that defines the propriety of venue in this State is W. Va. Code § 56-1-1. In its opinion, the majority examined where venue would lie for the corporate defendants herein, relying primarily upon the language of W. Va. Code § 56-1-1(a)(1). In actuality, subsection (a)(2) speaks specifically to the appropriate venue for corporate defendants:

> (a) *Any civil action* or other proceeding, except where it is otherwise specially provided, *may hereafter be brought in the circuit court of any county*:
>
> . . . .
>
> (2) *If a corporation be a defendant*, wherein its principal office is or wherein its mayor, president or other chief officer resides; or *if its principal office be not in this State, and its mayor, president or other chief officer do not reside therein, wherein it does business*; or if it be a corporation organized under the laws of this State which has its principal office located outside of this State and which has no office or place of business within the State, the circuit court of the county in which the plaintiff resides or the circuit court of the county in which the seat of state government is located shall have jurisdiction of all actions at law or suits in equity against the corporation, where the cause of action arose in this State or grew out of the rights of stockholders with respect to corporate management[.]

W. Va. Code § 56-1-1(a)(2) (emphasis added). Over one hundred years ago, this Court interpreted this statutory language to mean that

> [a] foreign corporation doing business in this state, having no principal office or president or other chief officer resident therein, may be sued *in any county wherein it does business* . . . if process can be legally served in such county.

Syl. pt. 1, in part, *Humphreys v. Newport News & M.V. Co.*, 33 W. Va. 135, 10 S.E. 39 (1889) (emphasis added). *See also* Syl. pt. 2, *Banner Printing Co. v. Bykota Corp.*, 182 W. Va. 488, 388 S.E.2d 844 (1989) ("Under *W. Va. Code*, 56-1-1(a) [1986], venue of an action against a corporate defendant lies in the county where the cause of action arises, *in addition to those locations specified in W. Va. Code, 56-1-1(a)(2)*." (emphasis added)). Insofar as it is undisputed that the corporate defendants herein neither have their principal office in West Virginia nor have resident corporate officers in this State, the plain language of W. Va. Code § 56-1-1(a)(2), as confirmed by this Court's longstanding interpretation thereof, makes clear that venue is proper "wherein [the defendant corporation] does business." Without question, the corporate defendants conducted business in Marshall County by advertising the subject event and selling products marketing the same thus subjecting them to venue in that county. To the extent that Marshall County is an appropriate venue for the corporate defendants, so too is it proper for the solitary individual defendant. *See State ex rel. Kenamond v. Warmuth*, 179 W. Va. 230, 231, 366 S.E.2d 738, 739 (1988) ("This Court follows the venue-giving defendant principle, whereby, once venue is proper for one defendant, it is proper for all other defendants subject to process." (citations omitted)).

Applying the express contractual language agreed upon by the parties to the instant controversy, it is apparent that "the appropriate state . . . court for the state in which the TM [Tough Mudder] Event is held" would be any county in which the corporate defendants do business, and, because they conduct business in Marshall County, the circuit court of that county would meet the definition of "the appropriate state . . . court." To the extent that the defendants desired suits against them to be brought in the county in which their event was held as they vehemently advocated in this proceeding, it is apparent from the record in this case that they are entities of sufficient sophistication and experience in drafting waiver and indemnity agreements with the requisite degree of specificity to accomplish that aim. Absent such definiteness, however, the plaintiff was permitted to select in which "appropriate . . . court" of this State to file her lawsuit. *See Henson v. Lamb*, 120 W. Va. at 558, 199 S.E. at 461-62 ("[I]n case of doubt, the construction of a written instrument is to be taken strongly against the party preparing it."). Insofar as venue is appropriate in Marshall County, the plaintiff's case should have been allowed to proceed in that forum.

Just as contracting parties must ensure that their agreement's written terms express their true intent, so, too, is it the responsibility of this Court to afford the contracting parties' intent full force and effect. In other words, this Court is required to apply a contract's plain language insofar as those are the terms to which the parties assented and for which they gave consideration. While the majority inexplicably inserts an invisible "most"

6

to qualify the term "appropriate" in its determination that Berkeley County is the one and only suitable forum to entertain the instant suit, the language agreed to, and adopted by, the parties simply requires that the selected forum be "appropriate." The parties' contractual language is silent as to how venue should be determined if more than one court qualifies as "appropriate." Absent such clarification, the majority should have enforced the parties' forum selection clause as it was written. It is not the prerogative of this Court to read into a contract that which it does not say: "It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." Syl. pt. 3, *Cotiga Dev. Co. v. United Fuel Gas Co.*, 147 W. Va. 484, 128 S.E.2d 626 (1962).

In ruling upon the defendants' motions to dismiss for improper venue, the circuit court correctly considered the relevant factors requisite to such an analysis and refused to substitute its venue preference for that of the plaintiff. *See generally Caperton v. A.T. Massey Coal Co., Inc.*, 225 W. Va. 128, 690 S.E.2d 322 (2009). The majority of the Court, however, has failed to exercise the same restraint.

For the foregoing reasons, I respectfully dissent.