388 S.E.2d 844

**BANNER PRINTING COMPANY**

v.

**BYKOTA CORPORATION.**

No. 18959.

Supreme Court of Appeals of
West Virginia.

Nov. 30, 1989.

Rehearing Denied Feb. 8, 1990.

Thomas R. Zimmerman, Burk and Bayley, Parkersburg, for Banner Printing Co.

C. Berkley Lilly, Gorman, Sheatsley & Hutchinson, L.C., Beckely, for Bykota Corp.

BROTHERTON, Chief Justice:

This case involves the question of whether the Circuit Court of Wood County was the proper venue for a contract action brought by the appellant, Banner Printing Company, a West Virginia corporation, against Bykota Corporation, another West Virginia corporation. The circuit court found that Wood County was not the proper venue and dismissed the action. On appeal, Banner Printing Company claims that the circuit court erred. After considering the questions presented, this Court agrees and reverses the judgement of the circuit court.

In December, 1986, or January, 1987, Bykota Corporation, which had its principal office, and the residence of its principal officers, in Raleigh County, and Banner Printing Company, which had its principal place of business in Wood County, entered into a contract under which Banner agreed to do certain printing for Bykota, and Bykota agreed to pay. It appears that the contract was entered into in Raleigh County.

Apparently, the printing was not done to Bykota's satisfaction, and Bykota refused to pay. Subsequently, on October 25, 1988, Banner sued Bykota in the Circuit Court of Wood County.

After the filing of Banner's complaint, Bykota filed a motion to dismiss for lack of venue. It claimed that under *W. Va. Code,* 56–1–1, venue of a case involving a domestic corporate defendant would lie only where its principal office was located or where its mayor, president, or other chief officer resided.

After considering memoranda and other documents submitted, the circuit court, by order dated August 25, 1988, granted the motion to dismiss. The court implicitly recognized that before 1986 Wood County would have been the proper venue for Banner's action but noted that in 1986 the Legislature amended West Virginia's venue statute. The court concluded:

This court is of the opinion that it was the intent of the Legislature, in repealing former 56–1–2 and enacting the present 56–1–1, to vest venue of a civil action in the circuit court of the county wherein the corporation has its principal office or its mayor, president or other chief officer resides, and that venue is placed in the circuit court of the county wherein the cause of action arose only if the corporation does not have a principal office or its chief officer does not reside in this State.

In the present proceeding, the appellant claims that the circuit court's conclusion was erroneous, that venue of the action did lie in Wood County, and that the circuit court erred in granting Bykota's dismissal motion.

The sections of *W. Va. Code,* 56–1–1, the venue statute governing venue against corporations in civil actions in West Virginia, which were in effect at all times relevant to this case, provide:

(a) Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county:

(1) Wherein any of the defendants reside or the cause of action arose, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered or some part thereof, is; or

(2) If a corporation be a defendant, wherein its principal office is, or wherein its mayor, president or other chief officer resides; or if it be a corporation organized under the laws of this state, which has its principal office located outside of this state, and which has no office or

place of business within the state, the circuit court of the county in which the plaintiff resides or the circuit court of the county in which the seat of state government is located shall have jurisdiction of all actions at law or suits in equity against such corporation, where the cause of action arose in this state or grew out of the rights of stockholders with respect to corporate management . . .

This statutory enactment, which became effective in 1986, consolidated and slightly modified two previous venue statutes, *W. Va. Code*, 56–1–1 [1927], and *W. Va. Code*, 56–1–2 [1927].

*West Virginia Code*, 56–1–1, as in effect prior to the 1986 amendments, provided for venue based on the location of the defendant. It specifically provided that an action could be brought where a corporation had its principal office. It said:

Any action or other proceeding at law or suit in equity, except where it is otherwise specially provided, may hereafter be brought in any county:

. . . . .

(b) If a corporation be a defendant, wherein its principal office is . . .

The former *W. Va. Code*, 56–1–2, unlike the former *W. Va. Code*, 56–1–1, provided for venue under certain circumstances in the county where the cause of action arose. It specifically provided that where the action was against a corporate defendant there was venue where the cause of action arose:

An action, suit or proceeding may be brought in any county wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein, in the following instances:

(a) When the defendant, or if more than one defendant, one or more of the defendants, is a corporation.

As previously indicated, after the 1986 amendments, it was provided in *W. Va. Code*, 56–1–1, that, except where otherwise specifically provided, a cause of action could be brought in any county, "(1) Wherein any of the defendants reside or the cause of action arose."

The real question in the present case is whether subsection two of the post–1986 version of *W. Va. Code*, 56–1–1, constitutes a special provision barring the bringing of an action in the county where a cause of action arose against a corporate defendant. That subsection provides:

(2) If a corporation be a defendant, [an action may be brought in the county] wherein its principal office is, or wherein its mayor, president or other chief officer resides; or if it be a corporation organized under the laws of this state, which has its principal office located outside of this state, and which has no office or place of business within the state, the circuit court of the county in which the plaintiff resides or the circuit court of the county in which the seat of state government is located shall have jurisdiction of all actions at law or suits in equity against such corporation, where the cause of action arose in this state or grew out of the rights of stockholders with respect to corporate management . . .

A careful examination of this language shows that its focus is upon the location of the defendant rather than where the cause of action arose. The first part of the language picks up the old concept that venue lies where a corporation has its principal office. In fact, the language leading into the paragraph is a verbatim reenactment of the language of the former *W. Va. Code*, 56–1–1, which dealt with the venue based upon the location of the defendant and which, unlike *W. Va. Code*, 56–1–2, did not deal with venue based on where the cause of action arose. The second part of the language of the new paragraph, the portion following the semi-colon, also deals with the location of the defendant rather than where the cause of action arose. Its orienting section states:

[I]f it be a corporation organized under the laws of this state, which has its principal office located outside of this state, and which has no office or place of business within the state . . .

■ In *Wolfe v. Forbes*, 159 W.Va. 34, 217 S.E.2d 899 (1975), this Court recognized that a consideration in ascertaining the meaning of statutory language is the meaning of words or phrases with which the questioned language is associated. In syllabus point 4 of the *Wolfe* case, the Court stated:

It is a fundamental rule of construction that, in accordance with the maxim *noscitur a sociis*, the meaning of a word or phrase may be ascertained by reference to the meaning of other words or phrases with which it is associated. Language, although apparently general, may be limited in its operation or effect where it may be gathered from the intent and purpose of the statute that it was designed to apply only to certain persons or things, or was to operate only under certain conditions.

■ In examining the language of *W.Va.Code*, 56–1–1(a)(2), from the fact that it so clearly focuses upon venue based on the location of the defendant rather than on where the cause of action arose, and from the fact that it contains the language: "wherein its principal office is" and "if it be a corporation organized under the laws of this state, which has its principal office located outside of this state," this Court believes that the new *W.Va.Code*, 56–1–1(a)(2), was intended to amplify upon the language of the former *W.Va.Code*, 56–1–1, which dealt with venue based on the location of the defendant and was not intended to affect venue based on where the cause of action arose.[1]

The Court, in effect, believes that under *W.Va.Code*, 56–1–1(a) [1986], venue of an action against a corporate defendant lies in the county where the cause of action arises, in addition to those locations specified in *W.Va.Code*, 56–1–1(a)(2). The Court

also believes that the Circuit Court of Wood County erred in holding otherwise.

There is still a question in the present case, however, as to whether Bykota Corporation breached its contract in Wood County and whether Banner Printing Company's cause of action arose in Wood County.

■ In *Wetzel County Savings & Loan Co. v. Stern Bros., Inc.*, 156 W.Va. 693, 195 S.E.2d 732 (1973), this Court discussed the question of what constitutes "the arising of a cause of action." The defendant in the *Wetzel County* case, Stern Bros., Inc., had its principal place of business in Parkersburg, Wood County. The plaintiff, Wetzel County Savings & Loan Co., was located in Wetzel County. The contract in question was apparently entered into in a county other than Wetzel County. The plaintiff nonetheless instituted a civil action in Wetzel County. It essentially claimed that it was located in Wetzel County and that under the law the defendant was obligated to make payments where the plaintiff was located. The plaintiff reasoned that because the defendant had failed to make required payments in Wetzel County, the contract was breached there and that the cause of action arose there. This Court accepted the plaintiff's argument and ruled, in syllabus point 4, that:

Where one supports the venue for his civil action based upon the *place of the breach* comprising a part of the cause of action, in the usual case, he must bring the action in the place or county in the State where the breach, repudiation or violation of the duty occurs. But a well recognized exception to the above rule is the "to pay" doctrine providing: where the duty imposed is to pay a *debt*, the courts construe the contract and the law

---

1. In making the 1986 amendments, it appears that the Legislature substantially modified the language of subsection "b" of *W.Va.Code*, 56–1–2, which deals with venue against non-corporate defendants and incorporated the new language in *W.Va.Code*, 56–1–1. Under the prior language, an action against a non-corporate defendant could be brought in the county where the cause of action arose only if the defendant was

served in that county. The new language apparently does not contain that limitation. The Court believes that, after making the change relating to non-corporate defendants, the Legislature, in effect, incorporated the existing concept of venue in an action against a corporate defendant, based on where the cause of action arose, into the new *W.Va.Code*, 56–1–1.

implies a further duty upon the debtor after default, to seek the creditor and make payment to him and declares that the residence of the creditor at the time the debt is due is the place of the breach of the contract.

Under the holding in *Wetzel County Savings & Loan Co. v. Stern Bros., Inc., supra,* it is rather clear that a cause of action on a contract which involves a debt properly lies in the county which is the residence or principal place of business of the creditor at the time the debt is due.

Cases cited in the *Wetzel County* case indicate that a "debt" for the purposes of the "to pay" doctrine is not simply an obligation to pay money growing out of a loan or pure debt transaction, but it may also be an obligation to pay money growing out of a more general contractual undertaking. *See, e.g., Conservative Life Ins. Co. v. Alexander,* 114 W.Va. 451, 172 S.E. 520 (1933); *Jones v. Main Island Creek Coal Co.,* 84 W.Va. 245, 99 S.E. 462 (1919).

In the case presently before the Court, Wood County was the county of residence, or of business, of Banner Printing Company at the time Bykota Corporation failed to pay its printing bill. Under the old venue statute, and under the holding in *Wetzel County Savings & Loan Co. v. Stern Bros., Inc., supra,* Wood County would have been an appropriate place for the bringing of the action. This Court does not believe that the new statute substantially altered the old statute or law in this regard, and that Banner Printing Company properly could, and did, bring its action in Wood County.

In view of the fact that Wood County was the correct venue for the bringing of the appellant's action, this Court concludes that the Circuit Court of Wood County erred in dismissing the action for lack of venue, that the circuit court's ruling should be reversed, and that this case should be remanded for trial.

Reversed and remanded.