399 S.E.2d 906

**WESTMORELAND COAL COMPANY and Elk River Sewell Coal Company**

**v.**

**Honorable Tod J. KAUFMAN, Judge of the Circuit court of Kanawha County, and Solitaire Coal Corporation, Inc.**

**No. 19784.**

Supreme Court of Appeals of
West Virginia.

Dec. 6, 1990.

**196**

M. Blane Michael, Robert L. Stewart, Jr., Jackson & Kelly, Charleston, for Westmoreland Coal Co. and Elk River Sewell Coal Co.

Lonnie C. Simmons, Rudolph diTrapano, diTrapano & Jackson, David W. Johnson, Lewis, Ciccarello & Friedberg, Charleston, for Solitaire Coal Corp., Inc.

PER CURIAM:

Elk River Sewell Coal Company and Westmoreland Coal Company seek a writ of prohibition against the Honorable Tod J. Kaufman, Judge of the Circuit Court of Kanawha County, because of his denial of their motion to dismiss an action against them for lack of venue, under *W. Va. Code*, 56–1–1 [1986]. Because we find that venue for the underlying case is improper in Kanawha County, we grant a writ prohibiting

1. A subsidiary of Westmoreland Coal Co., namely Westmoreland Sales Corporation, was a party to the contract with Solitaire.

2. There is no dispute that the contact in question was to be performed in Webster County

further prosecution of the case in Kanawha County.

Elk River, a West Virginia corporation, executed a contract with Solitaire Coal Corporation, Inc., a Nevada corporation, which principally provided that Solitaire would sell coal mined in Webster County to Elk River.[1] Alleging a breach of contract, Solitaire filed a civil action against Elk River and Elk River's alleged agent, Westmoreland Coal Corporation, a Delaware corporation, in the Circuit Court of Kanawha County on June 16, 1989. After the circuit court denied Westmoreland and Elk River's motion to dismiss for lack of venue, they petitioned this Court for a writ of prohibition; thus, the sole issue before us is whether venue is proper in Kanawha County.

In support of its position that venue is proper in Kanawha County, Solitaire maintains that Westmoreland is doing business in Kanawha County because: (1) it filed in the Kanawha County Clerk's office certificates of amendments to its articles of incorporation; (2) it employs law firms with offices in Charleston, Kanawha County; and, (3) it was a beneficiary of an alleged letter of credit from a Kanawha County Bank.[2]

*W. Va. Code*, 56–1–1 [1986], the venue statute for civil actions against corporations, provides in part:

(a) Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county: ...

(2) If a corporation be a defendant, wherein its principal office is, or wherein its mayor, president or other chief officer resides; or if its principal office be not in this state, and its mayor, president or other chief officer do not reside therein, wherein it does business. ...

and that Elk River, a West Virginia corporation, has its principal office in Webster County. *See Banner Printing Co. v. Bykota Corp.*, 182 W.Va. 488, 388 S.E.2d 844 (1989), for a discussion of venue for a domestic corporation.

In the Syllabus, *Kidwell v. Westinghouse Electric Co.*, 178 W.Va. 161, 358 S.E.2d 420 (1987), we concluded that:

> Whether a corporation is subject to venue in a given county in this State under the phrase in W.Va.Code, 56–1–1(b), "wherein it does business" depends upon the sufficiency of the corporation's minimum contacts in such county that demonstrate it is doing business, as that concept is used in W.Va.Code, 31–1–15. To the extent that *Brent v. Board of Trustees*, 163 W.Va. 390, 256 S.E.2d 432 (1979), implies a more restrictive standard, it is overruled.[3]

In determining the "sufficiency of a corporation's minimum contacts in a county" (*Id.*) to demonstrate that it is doing business, we recognized that "the maintenance of an action in the forum ... [should] not offend traditional notions of fair play and substantial justice." *Hodge v. Sands Mfg. Co.*, 151 W.Va. 133, 141, 150 S.E.2d 793, 797 (1966). Recently the United States Supreme Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985), noted that there must be a "substantial connection" between a defendant and the forum to establish minimum contacts "that must come about because of an action of the defendant purposefully directed toward the forum State." *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987).

■ In the present case, the record does not show that Westmoreland has sufficient minimum contacts in Kanawha County to demonstrate that it is doing business there. Merely filing in a county clerk's office amendments to articles of incorporation does not demonstrate that a corporation is doing business in that county.[4] Minimum contacts cannot be shown by having another entity secure a letter of credit naming a corporation as beneficiary.

■ Likewise, Westmoreland's use of law firms with offices in Charleston, Kanawha County does not establish the required minimum contacts. *See Austad Co. v. Pennie & Edmonds*, 823 F.2d 223 (8th Cir. 1987) (holding that an attorney client relationship did not confer jurisdiction over an out-of-state law firm); *Sher v. Johnson*, 911 F.2d 1357 (9th Cir.1990) (holding that an out-of-state law firm that obtained a deed of trust in California to secure its retainer is subject to California's jurisdiction); *Kowalski v. Doherty, Wallace, Pillsbury & Murphy, Attorneys at Law*, 787 F.2d 7 (1st Cir.1986) (holding that New Hampshire lacked jurisdiction over Massachusetts law firm representing a New Hampshire client on several matters in Massachusetts); *Mayes v. Leipziger*, 674 F.2d 178 (2nd Cir.1982) (holding that New York lacked jurisdiction over a California law firm representing a New York resident in litigation in California). Westmoreland notes that the law firms are used primarily to defend actions brought under the federal black lung regulations and that many of the federal black lung hearings are held in Kanawha County.

There is no dispute that Westmoreland neither owns property nor maintains offices in Kanawha County, and that none of its officers or directors reside in Kanawha County. Because the record does not establish that Westmoreland is doing business in Kanawha County, we find that venue is improper.

---

**3.** The applicable portion of *W.Va.Code* 31–1–15 [1984], our long arm statute, is:

> [A] foreign corporation not authorized to conduct affairs or do or transact business in this State pursuant to the provisions of this article shall nevertheless be deemed to be conducting affairs or doing or transacting business herein (a) if such corporation makes a contract to be performed, in whole or in part, by any party thereto, in this State, (b) if such corporation commits a tort in whole or in part in this State, or (c) if such corporation manufactures, sells, offers for sale or supplies any product in a defective condition and such product causes injury to any person or property within this State notwithstanding the fact that such corporation had no agents, servants or employees or contacts within this State at the time of said injury.

**4.** Westmoreland argues that the filing was in error and that there is no method to unfile amendments even if the filing was an error.

For the foregoing reasons, it is ordered that a peremptory writ of prohibition be issued commanding the respondent to dismiss Civil Action No. 89–C–2122.

Writ Granted.