IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2015 Term

**FILED**

**September 24, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

No. 15-0098

_____

STATE OF WEST VIRGINIA, ex rel. AIRSQUID VENTURES, INC.
(D/B/A AMPHIBIOUS MEDICS), and TRAVIS PITTMAN,
Petitioners

v.

HONORABLE DAVID W. HUMMEL, JR., Judge of the Circuit Court
of Marshall County, MITA SENGUPTA, as Personal Representative
of the Estate of AVISHEK SENGUPTA, TOUGH MUDDER, LLC,
PEACEMAKER NATIONAL TRAINING CENTER, LLC,
GENERAL MILLS, INC., and GENERAL MILLS SALES, INC.,
Respondents

_____

PETITION FOR WRIT OF PROHIBITION

WRIT GRANTED

_____

AND

_____

No. 15-0102

_____

STATE OF WEST VIRGINIA ex rel. TOUGH MUDDER, LLC,
PEACEMAKER NATIONAL TRAINING CENTER, LLC, GENERAL
MILLS, INC., AND GENERAL MILLS SALES, INC.,
Petitioners

v.

HONORABLE DAVID W. HUMMEL, JR., Judge of the Circuit
Court of Marshall County, MITA SENGUPTA, as Personal
Representative of the Estate of AVISHEK SENGUPTA,
Respondents

_____

PETITION FOR WRIT OF PROHIBITION

WRIT GRANTED

_____

Submitted: September 2, 2015
Filed:  September 24, 2015

David L. Shuman, Esq.
David L. Shuman, Jr., Esq.
Roberta F. Green, Esq.
Shuman, McCuskey & Slicer, P.L.L.C.
Charleston, West Virginia

Robert C. Morgan (Pro Hac Vice)
Morgan, Carlo, Downs & Everton, P.A.
Hunt Valley, Maryland
Counsel for Airsquid Ventures, Inc.

Karen Kahle, Esq.
Steptoe & Johnson PLLC
Wheeling, West Virginia

Charles F. Johns, Esq.
Denielle Stritch, Esq.
Steptoe & Johnson PLLC
Bridgeport, West Virginia
Counsel for Travis Pittman

Robert P. Fitzsimmons, Esq.
Clayton J. Fitzsimmons, Esq.
Fitzsimmons Law Firm PLLC
Wheeling, West Virginia

Robert J. Gilbert (Pro Hac Vice)
Edward J. Denn (Pro Hac Vice)
Gilbert & Renton LLC
Andover, Massachusetts
Counsel for Mita Sengupta

Robert P. O'Brien (Pro Hac Vice)
Jennifer M. Sullam (Pro Hac Vice)
Niles, Barton & Wilmer, LLP
Baltimore, Maryland

Robert N. Kelly (Pro Hac Vice)
Michele L. Dearing, Esq.
Jackson & Campbell, P.C.
Washington, D.C.

Kathryn A. Grace. Esq.
Camille E. Shora, Esq.
Wilson, Elser, Moskowitz, Edelman &
Dicker, LLP
McLean, Virginia

Alonzo D. Washington, Esq.
Christopher M. Jones, Esq.
Flaherty Sensabaugh Bonasso PLLC
Morgantown, West Virginia
Counsel for Tough Mudder, Peacemaker
and General Mills

JUSTICE LOUGHRY delivered the Opinion of the Court.

JUSTICE DAVIS dissents and reserves the right to file a dissenting opinion.

JUSTICE BENJAMIN concurs and reserves the right to file a concurring opinion.

SYLLABUS BY THE COURT

A choice of laws provision in an agreement that provides for the substantive laws of West Virginia to apply to disputes arising thereunder does not exclude the procedural laws of this state from applying to a matter that will be resolved in this state's courts. The procedural laws of this state necessarily apply to matters that are brought in the courts of West Virginia.

LOUGHRY, Justice:

Through this consolidated action, Airsquid Ventures, Inc. d/b/a Amphibious Medics ("Airsquid"), Tough Mudder, LLC,[1] Peacemaker National Training Center LLC ("Peacemaker"), General Mills, Inc., and General Mills Sales, Inc. (collectively referred to as "Tough Mudder Defendants" or "Defendants") seek a writ of prohibition to prevent enforcement of the January 9, 2015, order of the Circuit Court of Marshall County, through which the court ruled that Marshall County was a proper venue for the underlying wrongful death action. As grounds for relief, the Tough Mudder Defendants argue that the circuit court misconstrued the language in an agreement which addressed "Venue and Jurisdiction" and failed to apply the statutory factors set forth in West Virginia Code § 56-1-1 (2012)–this state's general venue statute. Had the circuit court employed the proper factors, the Tough Mudder Defendants maintain that venue can be found to exist only in Berkeley County–the situs of the event during which the drowning death that is at the center of the underlying action occurred. Upon our review of the subject agreement that the decedent executed prior to his drowning death and pursuant to the controlling statutory principles of venue which govern this matter, we find that the Tough Mudder Defendants have demonstrated the requisite grounds for issuance of a writ of prohibition.

---

[1]Since the filing of this action, Tough Mudder LLC has redesignated its corporate identity as Tough Mudder Incorporated.

1

## I. Factual and Procedural Background

The decedent, Avishek Sengupta, was a participant in the Tough Mudder Mid-Atlantic event (the "Event") that took place on April 20, 2013, in Gerrardstown, Berkeley County, West Virginia. Mr. Sengupta drowned while attempting to complete an obstacle known as "Walk the Plank" that was part of the Event. Following Mr. Sengupta's death,[2] Mita Sengupta, his mother and personal representative, instituted a civil action[3] in Marshall County in which she avers that her son's wrongful death was the result of gross negligence and the negligent failure to either follow basic safety precautions or effectuate a minimally competent rescue.[4]

Included in the complaint is a request for declaratory judgment[5] as to the enforceability of the document entitled "Assumption of Risk, Waiver of Liability, and Indemnity Agreement Mid-Atlantic Spring – 2013" (the "Agreement") that the decedent

---

[2]He was taken off life support on April 21, 2013.

[3]The complaint, filed on April 18, 2014, includes three counts: wrongful death; unenforceability of arbitration clause; and unenforceability of waiver agreement.

[4]Asserting claims against six different parties, Mrs. Sengupta alleges that Tough Mudder had primary responsibility for participant safety; Airsquid was responsible for providing safety personnel and services; Travis Pittman was the designated rescue diver; Peacemaker participated in advertising, construction, and permitting of the Event; and the two General Mills entities promoted and sponsored the Event.

[5]A second request for declaratory relief involves the arbitration clause included in the Agreement. The trial court's ruling, refusing to submit this matter to arbitration, is the subject of a separate appeal that has not yet been accepted to the docket of this Court.

executed prior to his participation in the Event. The Tough Mudder Defendants filed a motion to dismiss the complaint based on the general venue statute, West Virginia Code § 56-1-1, as well as the venue provisions set forth in the Agreement. As an alternative to dismissal, the Defendants requested that the matter be transferred to Berkeley County. On August 22, 2014, the circuit court heard arguments on the venue-related issues.[6]

After observing that the issue of venue is a procedural question determined by West Virginia law,[7] the circuit court articulated its reasons for concluding that venue is proper in Marshall County through its order of January 9, 2015. Citing language from the Agreement, the circuit court opined that the Tough Mudder Defendants had "consented to venue in any West Virginia court having subject matter jurisdiction over this case." Since Tough Mudder was the drafter of the Agreement, the circuit court observed that it easily could have restricted venue to the county in which the Event occurred by utilizing more specific terms. Given the provision of the Agreement which states that "only the substantive laws of the State in which the TM Event is held shall apply," the circuit court decided there

---

[6]In addition to seeking dismissal or transfer due to improper venue, the Defendants asserted that the matter should be transferred on grounds of *forum non conveniens*. Because we resolve the matter before us on venue, we find it unnecessary to address the alternate ground of *forum non conveniens*.

[7]*See State ex rel. Chemical Tank Lines, Inc. v. Davis*, 141 W.Va. 488, 494-95, 93 S.E.2d 28, 32 (1956) ("Venue is procedural and statutes relating thereto are so treated."); *accord State ex rel. Kenamond v. Warmuth*, 179 W.Va. 230, 232, 366 S.E.2d 738, 740 (1988) (recognizing W.Va. Code § 56-1-1 as procedural statute relating to venue).

3

was no need to conduct the venue analysis otherwise required by the provisions of West Virginia Code § 56-1-1.[8]

Airsquid filed the initial petition for a writ of prohibition seeking to prevent enforcement of the January 9, 2015, order. The remaining Defendants subsequently filed a similar petition seeking a writ of prohibition. By order entered on March 23, 2015, this Court consolidated the two matters and allowed Mrs. Sengupta to file a singular response. The Court issued a rule to show cause on April 7, 2015.

## II. Standard of Review

As Justice Cleckley sagely exposited in *State ex rel. Riffle v. Ranson*, 195 W.Va. 121, 464 S.E.2d 763 (1995), the inadequacy of appellate relief in matters involving "a substantial legal issue regarding venue" may require the resolution of such issues through the exercise of original jurisdiction.[9] *See id*. at 124, 464 S.E.2d at 766; *accord State ex. rel. Mylan, Inc. v. Zakaib*, 227 W.Va. 641, 645, 713 S.E.2d 356, 360 (2011). Otherwise, as the former jurist observed, this Court would be sanctioning the "potential of placing a litigant

[8]Having declared venue to be a procedural matter, the circuit court concluded that the procedural laws of this state were inapplicable given the provision in the Agreement that declared this state's laws controlling for substantive matters. The circuit court took the position that by referencing only the substantive laws of this state as being applicable, the Agreement necessarily excluded the application of this state's procedural laws.

[9]*See* W.Va. Const. art. VIII, § 3.

4

at an unwarranted disadvantage in a pending action." *Riffle*, 195 W.Va. at 124, 464 S.E.2d at 766 (internal quotations omitted). Because the Defendants have averred that the circuit court both failed to consider the provisions of this state's venue statute and misconstrued the language of the venue section of the Agreement, we find it necessary to resolve this matter pursuant to our grant of original jurisdiction. Our review of this matter is plenary. *See id.; see also* Syl. Pt. 2, *Caperton v. A.T. Massey Coal Co.*, 225 W.Va. 128, 690 S.E.2d 322 (2009) ("Our review of the applicability and enforceability of a forum selection clause is *de novo*.").

### III. Discussion

In ruling on this matter below, the trial court decided the issue of venue based on the following language included in the Agreement:

> Venue and Jurisdiction: I understand that if legal action is brought, **the appropriate** state or federal trial court for the state in which the TM Event is held has the sole and exclusive jurisdiction and that only the substantive laws of the State in which the TM[10] event is held shall apply. (emphasis supplied and footnote added)

Patently eliding the critical article of speech ("the") that precedes the term "appropriate," the trial court interpreted the Agreement as providing that venue is proper in *any* West Virginia court that has subject matter jurisdiction. The Tough Mudder Defendants maintain that the circuit court erred by altering "the" to "any" and thereby improperly rewrote the provision

---

[10]Tough Mudder.

5

at issue.

As additional support for the extraordinary relief they seek, the Defendants assert that Mrs. Sengupta has failed to identify any venue-determinative event associated with Marshall County. They maintain that all of the acts or omissions relevant to the complaint took place in Berkeley County. Not only do none of the Defendants reside in Marshall County,[11] but none of them conducts a substantial portion of its business in Marshall County. Responding to Mrs. Sengupta's contention that her selection of forum should be honored, the Defendants refer to this Court's recognition in *State ex rel. Thornhill Group, Inc. v. King*, 233 W.Va. 564, 759 S.E.2d 795 (2014), that a "'plaintiff's choice [of forum] is no longer the dominant factor that it was prior to [the] adoption of [W.Va. Code § 56-1-1.]'" 233 W.Va. at 570, 759 at 801 (quoting *State ex rel. Smith v. Maynard*, 193 W.Va. 1, 7, 454 S.E.2d 46, 52 (1994)).[12]

In addition to asserting that her forum choice should be strongly favored in

---

[11]Peacemaker is the only one of the Defendants who resides in West Virginia; Peacemaker resides in Berkeley County.

[12]We commented in *Thornhill* that "[u]nder the provisions of our general venue statute [W.Va. Code § 56-1-1], the place of the plaintiff's residency has no independent bearing on where an action may be maintained." 233 W.Va. at 570-71, 759 S.E.2d at 801-02. In this case, the plaintiff is a Maryland resident so her personal residency does not impact the venue determination.

6

deciding venue,[13] Mrs. Sengupta looks to the fact that General Mills sold products in grocery stores located in Marshall County with a specific tie-in to the Event.[14] Separate from the tie-in product sales, she argues additionally that the Defendants "deliberately and regularly engage[] in commerce in Marshall County."[15] Turning to the Agreement and its venue clause, Mrs. Sengupta posits that a drafter of a forum selection clause cannot avoid reasonable application of the clause's plain meaning. She maintains that the absence of any geographical restriction in the venue clause permits her to bring suit anywhere in West Virginia. Finally, Mrs. Sengupta asserts that the venue clause under scrutiny expressly rejects West Virginia's procedural rules, specifically West Virginia Code §§ 56-1-1, -1a, 56-9-1, given the language which requires application of "only the substantive laws" of the state in which the Event is held.[16]

Forum selection clauses, as we observed in *Caperton*, are not contrary to public policy. 225 W.Va. at 142, 690 S.E.2d at 336. Provided they are fair and reasonable, such clauses are deserving of enforcement. *Id.* at 141, 690 S.E.2d at 335. In the case before us, the issue presented with the forum selection clause is not one of enforceability *per se* but

---

[13]*See infra* note 18.

[14]Wheaties cereal is the tie-in product.

[15]This averment pertains to the General Mills defendants.

[16]*See supra* note 8.

7

one of interpretation. The parties simply disagree on what the clause specifies in terms of forum selection. Rather than squarely address the issue of differing interpretations, the circuit court simply omitted reference to a key term of the phrase at issue –"*the* appropriate state or federal trial court." Wholly ignoring the limiting effect of the term "the," the lower court declared the agreed-upon forum to be "any" state or federal court that a plaintiff selects. Not only did the circuit court alter the terms of the Agreement with its revisionary analysis, but it clearly overlooked the significance of the related term "appropriate." The inclusion of that term–appropriate–implicitly incorporates this state's general venue statute. *See* W.Va. Code § 56-1-1. Only by examining the venue statute, can it be determined which state court is the *appropriate* court in which to bring suit under the terms of the Agreement.

Before proceeding to analyze the provisions of West Virginia Code § 56-1-1 to identify the county in which venue lies, we first address Mrs. Sengupta's contention that the Agreement "expressly repudiated procedural statutes in the consideration of venue and jurisdiction." This assertion readily fails upon examination. Rather than excluding the procedural laws of this state, the express reference to *only* the substantive laws of this state was the means by which to avoid a conflict of laws issue. The use of the term "only" was clearly meant to bar from consideration the *substantive* laws of any other state. It was not intended to, and neither could it, prevent application of the procedural laws of this state. Accordingly, we hold that a choice of laws provision in an agreement that provides for the

8

substantive laws of West Virginia to apply to disputes arising thereunder does not exclude the procedural laws of this state from applying to a matter that will be resolved in this state's courts. The procedural laws of this state necessarily apply to matters that are brought in the courts of West Virginia.[17]

Turning to this state's general venue statute, as is required, we examine the bases set forth in West Virginia Code § 56-1-1 for determining venue. Under that statute, the primary factors for determining venue are the county in which "any of the defendants may reside or the cause of action arose." W.Va. Code § 56-1-1(a)(1). When the defendant is a corporation, its residency is determined based on either the location of its principal office or the location of its "mayor, president or other chief officer." *Id.* at § 56-1-1(a)(2). In this case, neither the principal offices nor the residences of the respective corporate presidents or chief officers of the defendants are in Marshall County. As a result, subsection one(a)(2) provides only one final basis for viewing Marshall County as appropriate for venue purposes–if the corporation does business in Marshall County. Of significant import however, is the fact that subsection one (a)(2), which addresses the factors used to identify a corporation's residency, does not abrogate the applicability of subsection one (a)(1). *See Banner Printing Co. v. Bykota Corp.*, 182 W.Va. 488, 491, 388 S.E.2d 844, 847 (1989)

---

[17]If the choice of forum clause is specific and the parties agreed to a particular county for venue purposes, the provisions of the general venue statute would not be necessary to identify the county having venue over a dispute arising under that agreement.

("[V]enue of an action against a corporate defendant lies in the county where the cause of action arises, *in addition to those locations specified in W.Va. Code,* 56-1-1(a)(2).") (emphasis supplied). When a cause of action is instituted in the county where the cause of action accrued and no defendant resides in that county, a statutory mechanism exists to seek a venue change. *Id.* at § 56-1-1(b) (specifying convenience to party and witnesses and better serving interests of justice as grounds for seeking change of venue where no defendant resides in county in which suit is brought). Critically, the grounds listed for identifying where venue lies under this state's general venue statute do not include the plaintiff's choice of forum.[18]

Applying the applicable factors set forth in West Virginia Code § 56-1-1(a)(1), we look to whether venue exists in Marshall County. Not a single defendant, corporate or individual,[19] has a physical residency in Marshall County. While Mrs. Sengupta suggests that venue is appropriate in Marshall County based on the corporate sales and marketing of General Mills products in that county, we find that analysis to be unpersuasive in view of the facts of this case giving rise to jurisdiction in this state. As the Defendants

---

[18]Mrs. Sengupta wrongly relies upon West Virginia Code § 56-1-1a(a) as support for the proposition that "the plaintiff's choice of a forum is entitled to great deference." That statement is included in the *forum non conveniens* statute–a statute distinct from the venue statute–which provides authority for seeking the transfer of a case filed in West Virginia to "a forum *outside* this State." *Id.* (emphasis supplied). That statute has no bearing on the issue of venue before us.

[19]Mr. Travis, like Mrs. Sengupta, is a Maryland resident.

10

have demonstrated, the Agreement was executed in Berkeley County; the Event took place in Berkeley County; and the decedent's drowning occurred in Berkeley County. Many fact witnesses, in addition to defendant Peacemaker, are residents of Berkeley County. In her attempt to keep this case in Marshall County, Mrs. Sengupta relies heavily on the sales of products by General Mills within Marshall County. Her attempt to convince us that General Mills conducts sufficient business in Marshall County so as not to offend traditional notions of fair play and substantial justice is unavailing.[20] *See Kidwell v. Westinghouse Elec. Co.*, 178 W.Va. 161, 163, 358 S.E.2d 420, 422 (1986) (interpreting "wherein it does business" provision of venue statute and recognizing that whether corporation is subject to venue in particular county depends on corporation's minimum contacts in such county). The due process concerns pertaining to personal jurisdiction that underlie the issue of minimum contacts are not implicated in this case. The Defendants are not challenging being haled into the courts of this state on grounds of personal jurisdiction; they are objecting to being improperly required to defend against claims in the wrong *county* of this state on grounds of venue.

Each and every critical event that took place relevant to the alleged wrongful

---

[20]Similarly unpersuasive is the fact that 111 of the 1.6 million cumulative total of Tough Mudder participants at events throughout the country were from Marshall County. On the date of the Event relevant to this case, two Marshall County residents were included among the 14,925 participants.

death occurred in Berkeley County. The fact that General Mills sells products in Marshall County is wholly insignificant to the venue-determinative facts of this case. Because it also sells products in Berkeley County, there is nothing statistically significant about the sales by General Mills of products in Marshall County that could tip the proverbial scales of justice in favor of venue existing in Marshall County. In the same fashion, we do not find the reach of the internet to advertise or promote either General Mills products or the Event to be significant in terms of identifying the venue-determinative facts of this case.[21] All of the corporate defendants have a connection to Berkeley County and the underlying alleged wrongful death; the same is not true of Marshall County.[22] The singular nexus between the underlying suit and Marshall County, and one that is statutorily insignificant, is the location of Mrs. Sengupta's local lawyers within Marshall County.[23] Were we to find that the sales of General Mills products in Marshall County are sufficient to permit this action to proceed in that county over the county that clearly has extensive ties to the underlying lawsuit, we

---

[21]*Cf. Nutraceutical Corp. v. Vitacost.com, Inc.*, 2006 WL 1493224 *5 (D. Utah 2006) (finding that corporation's operation of "website with a high level of interactivity, which encourages customers accessing its website to order its products" fell "within the sliding scale category of website that allows a defendant to 'do business' and 'enter into contracts with residents of foreign jurisdictions over the Internet'").

[22]Airsquid had no connection to Marshall County. Similarly, Tough Mudder did not conduct any business in Marshall County. As discussed above, Mrs. Sengupta looks to the generalized sales of cereal products in Marshall County as the grounds upon which to argue that it is appropriate to bring her suit in Marshall County. There has been no allegation that the decedent's death resulted from his purchase of Wheaties cereal or consumption.

[23]She has additional counsel with offices in Andover, Massachusetts.

would be violating the venerated ideals of fair play and substantial justice that are traditionally recognized to control venue determinations. *See Westmoreland Coal Co. v. Kaufman*, 184 W.Va. 195, 197, 399 S.E.2d 906, 908 (1990).

The trial court unquestionably committed error in its rewriting of the venue and jurisdiction clause to broadly restate the Agreement as one that contemplated the filing of a lawsuit in *any* county in this state.[24] As discussed above, the Agreement specified that venue would be proper "in *the* appropriate state or federal trial court" in which the Event took place. The Event occurred in Berkeley County and diversity does not exist to permit federal court jurisdiction. Because the venue determination required by the Agreement is to identify *the* appropriate court in which this matter should proceed, we are persuaded that venue lies in Berkeley County as that county is clearly the geographical situs in which the cause of action accrued and where numerous fact witnesses are located as well. *See* W.Va. Code § 56-1-1(a)(1).

---

[24]In reaching its decision on venue, the trial court erroneously looked beyond the four corners of the Agreement before it. There was no ambiguity in the terms of the Agreement to warrant a consideration of parol evidence for purposes of interpretation. Any reference to agreements utilized in prior Tough Mudder events, specifying a distinct geographical forum selection, was improper as those provisions have no bearing on the issue of venue in this case. This Court, like the circuit court, is required to limit its examination and rulings to the present controversy. To do otherwise, is to engage in an ill-advised and wholly improper advisory-based analysis. *See State ex rel. Morrisey v. Office of Disciplinary Counsel*, 234 W.Va. 238, 246, 764 S.E.2d 769, 777 (2014) (recognizing well-ensconced judicial precedent, both state and federal, of refraining from answering or even addressing issues not properly before us).

## IV. Conclusion

Having determined that venue does not lie in Marshall County under the Agreement or the provisions of our general venue statute, we conclude that the Tough Mudder Defendants have established their entitlement to a writ of prohibition. Rather than dismiss the case outright, however, we grant the alternative relief sought by the Defendants and direct the Circuit Court of Marshall County to transfer the underlying case to the Circuit Court of Berkeley County.

Writ granted.

14