# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia ex rel. EAN Holdings, LLC;**
**Rental Insurance Services, Inc.; and**
**Empire Fire and Marine Insurance Company,**
**Petitioners**

**vs.)  No. 19-0900** (Ohio County 18-C-152)

**The Honorable Ronald E. Wilson,**
**Judge of the Circuit Court of Ohio County;**
**David Stanley Consultants, LLC; and Mark Ash, Jr.,**
**Respondents**

**FILED**
**June 15, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners, EAN Holdings, LLC ("EAN Holdings");[1] Rental Insurance Services, Inc. ("RIS"); and Empire Fire and Marine Insurance Company ("Empire") (collectively "Petitioners"), by counsel Nathaniel D. Griffith and Edgar Allen Poe, Jr., petition this Court for a writ of prohibition.  Petitioners herein ask this Court to prohibit the Circuit Court of Ohio County from enforcing its memorandum order entered September 4, 2019, denying Petitioners' respective motions to dismiss the action for lack of venue; failing to make a final decision on whether to transfer the action to the Circuit Court of Marion County; and denying Petitioners' respective motions for a protective order and stay of discovery.  Respondents, David Stanley Consultants, LLC ("DSC") and Mark Ash, Jr. ("Mr. Ash") (collectively "Respondents"), by counsel Holly S. Planinsic, Jacquelyn J. Cowan and Robert P. Fitzsimmons, assert that the circuit court properly denied Petitioners' respective motions to dismiss and motions to stay discovery.

Having thoroughly reviewed the appendix record, the parties' briefs and oral arguments, the applicable law, and all other matters before the Court, we conclude that Petitioners are entitled to relief and grant the writ of prohibition as moulded.  As this case presents no new or substantial question of law, its proper disposition is by memorandum decision as contemplated by Rule 21 of the Rules of Appellate Procedure.

Respondents asserted the following factual allegations in their underlying complaint.  On July 5, 2017, Mr. Ash, on behalf of himself and DSC, rented a 2017 Nissan Maxima from an Enterprise Rent-A-Car ("Enterprise") location in the State of Ohio for use by Mr. Ash and/or another DSC employee, Nathan Crawford ("Mr. Crawford").  At that time, Mr. Ash entered into a written rental agreement with Enterprise on behalf of Respondents.  Mr. Ash "fully informed a representative of Enterprise at the rental location of the contemplated use of the vehicle and the

---

[1] EAN Holdings is also known as Enterprise Rent-A-Car and is a wholly-owned subsidiary of Enterprise Holdings, Inc.

1

identity of the contemplated drivers." Mr. Ash was listed as the "renter" in the rental agreement and "it was noted that Mr. Ash was renting the vehicle on behalf of DSC." Mr. Crawford was listed as an additional driver at an additional charge. Furthermore, Mr. Ash purchased the following optional products from Enterprise: 1) "Damage Waiver," 2) "Personal Accident Insurance," 3) "Supplemental Liability Protection," and 4) "Roadside Assistance."

Subsequently, on July 9, 2017, Mr. Crawford was involved in an accident with the subject rental vehicle in the State of Ohio. Following the accident, Mr. Ash received correspondence on a number of occasions from either RIS or Enterprise at his residence informing him that a claim had been filed; Enterprise was refusing to honor any damage protection products; and any coverage for loss or damage to the rental vehicle was being denied and disclaimed. On August 16, 2017, Enterprise sent a correspondence to Mr. Ash enclosing an invoice for $22,139.39 for the cost of the rental vehicle and other incidental and consequential damages. Several additional letters were exchanged among the various parties regarding both the alleged amount owed and requests for copies of certain records.

On July 5, 2018, Respondents filed a complaint against Petitioners alleging that the Respondents were at all times "insureds" and asking the court to declare the rights and obligations of the parties under all of the policies, coverages, or other products purchased. Additionally, the complaint requested compensatory and punitive damages on claims of unjust enrichment, breach of contract, breach of the covenant of good faith and fair dealing, fraud, and unfair claims settlement practices and violations. In the complaint, Respondents asserted that venue was proper in the Circuit Court of Ohio County, West Virginia, pursuant to West Virginia Code § 56-1-1(a)(2). Furthermore, the complaint alleged that DSC is a West Virginia limited liability company with its principal office in Fairmont, Marion County, West Virginia, and an office in Belmont County, Ohio. Mr. Ash is an individual resident of Fairmont, Marion County, West Virginia, and is employed as the general manager of DSC. EAN Holdings is a Delaware limited liability company licensed to do business in the State of West Virginia and is a wholly-owned subsidiary of Enterprise Holdings, Inc., located in St. Louis, Missouri. RIS is a Missouri corporation located in St. Louis, Missouri, and is an affiliate of EAN Holdings.[2] Finally, Empire is a Nebraska insurance company that is allowed to transact insurance business dealings in the State of West Virginia. Ultimately, Respondents assert that Enterprise engaged a collection agency to collect the alleged debt and now contends that no insurance policy exists regarding this rental transaction.

On October 11, 2018, pursuant to Rule 12(b)(3) of the West Virginia Rules of Civil Procedure, RIS and Empire filed a joint motion to dismiss and/or transfer venue.[3] Specifically, RIS and Empire argued that the circuit court should dismiss the civil action or transfer it to the Circuit Court of Marion County, West Virginia, or the State of Ohio as the Circuit Court of Ohio County, West Virginia, is not a proper venue. Relying on West Virginia Code §§ 56-1-1 and 56-9-1, and *State ex rel. Airsquid Ventures, Inc. v. Hummel*, 236 W. Va. 142, 778 S.E.2d 591 (2015),

---

[2] It is alleged that RIS "handles all claims and collections for Enterprise."

[3] It appears that RIS and Empire filed an answer to Respondents' complaint on August 8, 2018; however, the parties did not include a copy of the answer or the docket sheet in the appendix record in this case.

2

RIS and Empire contended that "there is simply no nexus between [Respondents'] allegations and the Circuit Court of Ohio County, West Virginia."

Respondents filed a response in opposition to RIS and Empire's joint motion to dismiss or transfer venue. In particular, Respondents maintained that venue for this civil action is "proper in Ohio County, West Virginia[,] under West Virginia's general venue statute and relevant case law because [Empire], an insurance carrier licensed by the State of West Virginia, sells policies to unsuspecting West Virginia citizens at the physical location of [EAN Holdings] in Ohio County." Additionally, Respondents asserted that the matter could not be transferred to either Marion County, West Virginia, or the State of Ohio pursuant to West Virginia Code §§ 56-1-1(b) or 56-9-1 because neither are applicable under the circumstances of this matter. RIS and Empire filed a reply.

On May 15, 2019, RIS filed a motion for a protective order and stay of discovery. RIS stated that after the motion to dismiss or transfer venue and response were filed, Respondents filed their first set of interrogatories and requests for production of documents to RIS. RIS then asserted that all discovery in this matter should be stayed pending the resolution of the motion to dismiss and/or transfer venue because "responses to such discovery requests in this venue may be unnecessary" if the matter is dismissed or transferred. Respondents filed a response in opposition to RIS's motion for a protective order and stay of discovery asserting that "[c]oncerns of judicial efficiency and economy weigh in favor of allowing the parties to proceed with discovery until the alleged venue dispute is resolved." Approximately nine months after the original motion to dismiss or transfer venue was filed, on July 22, 2019, EAN Holdings[4] joined RIS and Empire's motion and the motion for protective order and stay of discovery.

Thereafter, on September 4, 2019, the circuit court entered a memorandum order regarding RIS and Empire's joint motion to dismiss and/or transfer venue and RIS's motion for a protective order and stay of discovery. The circuit court denied the portion of the motion that requested the civil action be outright dismissed and stated that it was still deciding whether the matter should be transferred to Marion County.[5] Finding that the matter would either remain in Ohio County or be transferred to Marion County, the circuit court denied the motion to stay discovery. It is from this order that Petitioners have filed the instant petition for writ of prohibition.

Petitioners invoke this Court's original jurisdiction in prohibition. We previously have held that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where a trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977). In the case *sub judice*, Petitioners contend that the circuit

---

[4] On July 10, 2019, the circuit court entered an order approving substitution of counsel permitting the counsel for RIS and Empire to substitute as counsel for EAN Holdings in place of its former counsel.

[5] Although the circuit court refused to address the transfer issue at that time, we find that given its ruling on the dismissal and the specific facts of this case, the circuit court has effectively ruled on the issue of venue sufficient for our review.

court exceeded its legitimate authority by failing to dismiss the matter for lack of venue. Our review as to whether the circuit court has exceeded its legitimate powers is guided by the well-established *Hoover* framework, providing five factors for this Court's consideration in issuing a writ of prohibition to correct the alleged overstep:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). Furthermore, we have explained that issues of venue are appropriately addressed in prohibition. *See State ex rel. Thornhill Group, Inc. v. King*, 233 W. Va. 564, 567, 759 S.E.2d 795, 798 (2014) ("That the issue of venue may be properly addressed through a writ of prohibition is well-settled."). With these standards in mind, we consider the parties' arguments.

Petitioners first assert that the circuit court exceeded its legitimate powers and clearly erred as a matter of law in failing to transfer this matter to the State of Ohio or dismiss the matter in its entirety for lack of venue. First, we must examine whether the circuit court failed to transfer this matter to the State of Ohio. Respondents argue that Petitioners have failed to properly raise this issue below and in their request for extraordinary relief from this Court because they have not invoked the *forum non conveniens* statute, West Virginia Code § 56-1-1a. Petitioners cite to no statutory authority or other law that would allow a circuit court to *transfer* a matter to a court of another state. In fact, the only venue statute in West Virginia examined by any party that discusses venue in conjunction with another state is the *forum non conveniens* statute, West Virginia Code § 56-1-1a. However, this statute authorizes only the *stay or dismissal* of an action when a circuit court finds "that in the interest of justice and for the convenience of the parties a claim or action would be more properly heard in a forum outside this State[.]"[6] Accordingly, there is no authority

---

[6] West Virginia Code § 56-1-1a(a) provides, in relevant part:

> In any civil action if a court of this State, upon a timely written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action would be more properly heard in a forum outside this State, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action, or dismiss any plaintiff:

that Petitioners point to that would have allowed the circuit court to outright transfer this matter to a court in the State of Ohio. Therefore, under these facts, the circuit court did not err in failing to transfer the matter to the State of Ohio.

Next, we must examine whether the circuit court erred in failing to dismiss the matter entirely for lack of venue in Ohio County, West Virginia. It is undisputed that Petitioners did not attempt to file a motion to dismiss pursuant to the *forum non conveniens* statute to have the circuit court dismiss the matter outright because the State of Ohio was a more convenient forum. Accordingly, there can be no relief afforded to Petitioners pursuant to our *forum non conveniens* statute. However, because the Petitioners filed a general motion to dismiss pursuant to Rule 12(b)(3) of the West Virginia Rules of Civil Procedure,[7] we also necessarily examine whether the Circuit Court of Ohio County is an appropriate venue pursuant to our general venue statute.

Both parties agree that venue in this matter is governed by West Virginia's general venue statute, West Virginia Code § 56-1-1. The general venue statute provides for seven different avenues to appropriately obtain venue.[8] In their complaint, Respondents allege that venue is

---

Provided, That the plaintiff's choice of a forum is entitled to great deference, but this preference may be diminished when the plaintiff is a nonresident and the cause of action did not arise in this State.

[7] Rule 12(b)(3) of the West Virginia Rules of Civil Procedure provides:

(b) *How presented.* — Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . .

(3) improper venue[.]

[8] West Virginia Code § 56-1-1(a) provides:

(a) Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county:

(1) Wherein any of the defendants may reside or the cause of action arose, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered, or some part thereof, is;

(2) If a corporation or other corporate entity is a defendant, wherein its principal office is or wherein its mayor, president or other chief officer resides; or if its principal office be not in this state, and its mayor, president or other chief officer do not reside therein, wherein it does business; or if it is a corporation or other corporate entity organized under the laws of this state which has its principal

5

proper in Ohio County pursuant to West Virginia Code § 56-1-1(a)(2). West Virginia Code § 56-1-1(a)(2) provides, in relevant part, that

> [i]f a corporation or other corporate entity is a defendant, wherein its principal office is or wherein its mayor, president or other chief officer resides; *or if its principal office be not in this state, and its mayor, president or other chief officer do not reside therein, wherein it does business*[.]

(Emphasis added). Accordingly, because it is undisputed that all of the defendants in the matter are corporations that do not have their principal offices in West Virginia, do not have their president or other chief officer residing in West Virginia, and are not organized under the laws of West Virginia, the general venue statute mandates that to obtain venue under this subsection, at least one Petitioner must "do business" in Ohio County, West Virginia. We previously have had an opportunity to examine further what is meant by "doing business" pursuant to our general venue statute. We held that

> [w]hether a corporation is subject to venue in a given county in this State under the phrase in W. Va. Code [§] 56-1-1[], "wherein it does business" depends upon the sufficiency of the corporation's minimum contacts in such county that

---

> office located outside of this state and which has no office or place of business within the state, the circuit court of the county in which the plaintiff resides or the circuit court of the county in which the seat of state government is located has jurisdiction of all actions at law or suits in equity against the corporation or other corporate entity, where the cause of action arose in this state or grew out of the rights of stockholders with respect to corporate management;
>
> (3) If it is to recover land or subject it to a debt, where the land or any part may be;
>
> (4) If it is against one or more nonresidents of the state, where any one of them may be found and served with process or may have estate or debts due him, her, or them;
>
> (5) If it is to recover a loss under any policy of insurance upon either property, life or health or against injury to a person, where the property insured was situated either at the date of the policy or at the time when the right of action accrued or the person insured had a legal residence at the date of his or her death or at the time when the right of action accrued;
>
> (6) If it is on behalf of the state in the name of the Attorney General or otherwise, where the seat of government is; or
>
> (7) If a judge of a circuit is interested in a case which, but for such interest, would be proper for the jurisdiction of his or her court, the action or suit may be brought in any county in an adjoining circuit.

demonstrate it is doing business, as that concept is used in [determining personal jurisdiction].

Syllabus, in part, *Kidwell v. Westinghouse Elec. Co.*, 178 W. Va. 161, 358 S.E.2d 420 (1986). Moreover, we have stated that "[t]he primary purpose of venue statutes is to provide a convenient, logical, and orderly forum for the resolution of disputes and to prevent inconvenience or hardship to the parties involved in the action." *In re D.W.*, No. 16-0895, 2017 WL 2390249, at *4 (W. Va. June 2, 2017) (memorandum decision) (quoting 77 Am. Jur. 2d Venue § 4).

In the case *sub judice*, all parties rely on the recent case *State ex rel. Airsquid Ventures, Inc. v. Hummel*, 236 W. Va. 142, 778 S.E.2d 591 (2015), to support their respective positions. Petitioners assert that pursuant to *Airsquid*, venue in Ohio County is not proper because the majority of the venue-determinitive events occurred in the State of Ohio not Ohio County, West Virginia. Petitioners further argue that, similar to *Airsquid*, the "singular nexus between the allegations of the [c]omplaint and Ohio County appears to be that it is the location of the Respondents' lawyers, which is 'statutorily insignificant.'" Conversely, Respondents contend that the instant matter is distinguishable from *Airsquid* and venue is proper in Ohio County because "Petitioner EAN maintains an actual rental office, an inventory of vehicles subject to personal property tax, [and] employees and physical locations in Ohio County." Additionally, Respondents assert that Petitioner "Empire, a licensed West Virginia insurance carrier, sells policies of insurance to consumers who physically come to the EAN retail rental location." Petitioners contend that if we adopt Respondents' position, "Respondents could have brought suit in any of the fifty-five (55) counties within West Virginia if any Petitioner conducts business in such counties despite the county chosen having no connection to this matter whatsoever."

However, we need not determine if these types of contacts are sufficient to confer venue in Ohio County under this State's venue statute because Respondents have failed to support their allegations. First, Respondents' complaint lacks any averments regarding any Petitioner, let alone EAN, and their respective contacts with Ohio County, West Virginia. In fact, Respondents' complaint simply states that venue is appropriate in Ohio County pursuant to West Virginia Code § 56-1-1(a)(2). Instead of asserting any specific allegations regarding any of Petitioners' contacts with Ohio County, the complaint alleges that none of the corporate defendants are incorporated in West Virginia or have a principal place of business in West Virginia, and none of the presidents or other chief officers reside in West Virginia. The complaint further alleges that Mr. Ash is a resident of Marion County. Moreover, the complaint asserts that Mr. Ash rented the subject vehicle at an Enterprise located in the State of Ohio, the rental agreements and any other documents were executed in the State of Ohio, the car accident occurred in the State of Ohio, and the correspondence regarding the claims was sent to Mr. Ash, at his home in Marion County. There are simply no allegations of any Petitioners' contact with Ohio County or any conduct relative to any Petitioner that occurred in Ohio County. *See Reed v. Collins*, No. 18-0009, 2018 WL 6119792, at *4 (W. Va. Nov. 21, 2018) (memorandum decision) (finding no abuse of discretion in circuit court dismissing matter for lack of venue when complaint failed to allege certain facts). We do note that Respondents have contended in this appeal that EAN and RIS each "do business" in Ohio County, including EAN having a physical location in Ohio County. However, there is nothing in the record before us to substantiate Respondents' claim that EAN has a rental office in Ohio

7

County or that RIS allegedly sells insurance at this location.[9] Instead, we are presented with only the Respondents' unsupported allegations of such contact. Furthermore, this matter has been on the circuit court's docket for almost two years. While Respondents suggest that there is a lack of discovery in this matter and that certain Petitioners have not been cooperative in discovery, according to Respondents' own brief, over a year ago they served interrogatories and requests for production on EAN, and EAN responded thereto. There are no allegations that motions to compel discovery were ever filed against EAN Holdings or any other Petitioner. As such, despite the fact that this case has been pending for almost two years, there is nothing before this Court that supports Respondents' allegations that either EAN or RIS have sufficient contacts in Ohio County. *See Thornhill Grp., Inc.*, 233 W. Va. at 571, 759 S.E.2d at 802 ("The record of this case, however, is devoid of any evidence in support of [the finding that venue lies in Kanawha County based on an acceptance of an offer in Kanawha County ]. Not only does the complaint fail to refer to where the oral contract was formed, but no supporting evidence has been submitted on this issue. As we recognized in syllabus point three of *Hudgins v. Crowder & Freeman, Inc.*, 156 W. Va. 111, 191 S.E.2d 443 (1972), '[c]ourts of record can speak only by their records, and what does not so appear does not exist in law.' There is simply no evidence in the record of this case to establish that Mr. Roberts accepted his offer of employment, as was represented during oral argument of this case, while utilizing the telephone in his home."). Accordingly, we find that venue in Ohio County, West Virginia, is improper under the specific facts of the matter *sub judice*.

Petitioners next argue, in the alternative, that if this Court does not find venue to be appropriate in the State of Ohio, then the circuit court exceeded its legitimate powers and clearly erred as a matter of law in permitting discovery to proceed prior to resolving the issue of venue and failing to transfer the matter to Marion County, West Virginia. Specifically, Petitioners assert that venue is most proper in the State of Ohio; however, "should the Court find that the State of Ohio is not a proper venue, Petitioners believe that the Circuit Court of Marion County is a more appropriate venue than the Circuit Court of Ohio County." On the other hand, Respondents contend that the circuit court did not err. We agree with Petitioners that this matter should be transferred to Marion County.

As discussed above, West Virginia Code § 56-1-1(a) provides for seven ways to obtain proper venue. Petitioners argue that because this matter involves insurance claims, venue can be conferred to a county in this State pursuant to another subsection of the general venue statute. According to West Virginia Code § 56-1-1(a)(5), venue can be obtained in the following circumstance:

> If it is to recover a loss under any policy of insurance upon either property, life or health or against injury to a person, where the property insured was situated either at the date of the policy or at the time when the right of action accrued or the

---

[9] We note that pursuant to Rule 16 of the West Virginia Rules of Appellate Procedure, Respondents had every opportunity to move to file a supplemental appendix if there was any belief that the original appendix was not sufficient. *See* W. Va. R. App. P. 16(g) ("The respondent may, in accordance with the applicable portions of Rule 7(g), file and [sic] original and the number of copies of an appendix required by Rule 38 at the same time the response is filed.").

person insured had a legal residence at the date of his or her death or at the time when the right of action accrued[.]

In this matter, the complaint alleges that it is, in part, seeking to recover a loss under an insurance policy. As such, the Petitioners claim that venue is governed by West Virginia Code § 56-1-1(a)(5).

While there may have been some dispute earlier in the proceedings about whether the insurance at issue covers the rental vehicle alone or the individual insureds, the Petitioners essentially concede in the instant matter that the insurance at issue could be considered to have insured the individual Respondents as opposed to only the rental vehicle, itself.[10] Moreover, it is undisputed that DSC has its principal office in Marion County. It is further undisputed that Mr. Ash is a resident of Marion County. Accordingly, pursuant to West Virginia Code § 56-1-1(a)(5), we find that venue is appropriate in Marion County, West Virginia, and direct that this matter be transferred to the Circuit Court of Marion County.[11]

Having determined that venue does not lie in Ohio County, West Virginia, under our general venue statute, we conclude that Petitioners have established their entitlement to a writ of prohibition. However, rather than dismissing the case outright, we grant the alternative relief sought by Petitioners and direct the Circuit Court of Ohio County to transfer the underlying case to the Circuit Court of Marion County.[12] Therefore, we grant the writ of prohibition as moulded.

---

[10] We find that the Petitioners have conceded to venue in Marion County because they explicitly moved for a transfer to Marion County in the proceeding below, and they have argued before this Court that the circuit court erred in failing to transfer the matter to Marion County. Additionally, and most significantly, Petitioners concede that

to the extent the alleged insurance at issue could be considered to have "insured" the Respondents (as opposed to the Rental Vehicle itself), then W. Va. Code § 56-1-1(a)(5) would permit venue in the Circuit Court of Marion County as that is the county wherein the person insured had a legal residence when the right of action accrued.

[11] While we recognize that the circuit court has not yet ruled on whether a transfer to Marion County is appropriate, under the very narrow circumstances of this matter we find that a transfer to Marion County is appropriate. Specifically, as discussed more fully above, we find that Petitioners have failed to provide any authority that this matter be transferred to the State of Ohio and have failed to bring a motion to dismiss on the basis of *forum non conveniens*. Additionally, we find that Ohio County, West Virginia, is not a proper venue under the facts of this case. However, because Petitioners have set forth an alternative argument requesting transfer to Marion County and conceded that Marion County is a proper venue, there is nothing further for the circuit court to consider. Accordingly, for judicial economy, this Court is directing the matter be transferred to the Circuit Court of Marion County.

[12] Given our disposition of this matter, we need not address Petitioners' contention that the circuit court erred in denying their respective motions to stay discovery.

9

Writ granted as moulded.

**ISSUED:** June 15, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

Justice Margaret L. Workman not participating.